

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

December 28, 2022

VIA ECF
Hon. Robert W. Lehrburger
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**Re:** *Frimpong v. Everyrealm, et al.*, Case No.: 1:22-cv-10487

Dear Judge Lehrburger:

This firm represents Defendants Everyrealm Inc. (f/k/a Republic Realm Inc.) ("Everyrealm"), Janine Yorio ("Mrs. Yorio"), and Jesse Yorio ("Mr. Yorio") (collectively "the Everyrealm Defendants") in the above referenced matter. Pursuant to III.D. of the Court's Individual Practices, we write to request a pre-motion conference regarding Defendants' anticipated motion to compel arbitration and, to the extent the Court deems it appropriate, Rule 12(b)(6) motion to dismiss Plaintiff Gatsby Frimpong's (a/k/a "Derek Daniel Gatsby Frimpong," and apparently variations thereof) ("Frimpong") purported sexual harassment claim.[1] Frimpong's attempt to evade mandatory arbitration rests on a claim for purported sexual harassment that is not only frivolous but is premised upon a false assertion that constitutes a fraud on this Court.

As will be established through the submission of contemporaneous electronic communications, Frimpong gave notice of his voluntary resignation from Everyrealm to Mrs. Yorio on March 1, 2022, underwent an exit interview with Katherine Yost on March 2, 2022, and his last date of employment with the company was March 4, 2022. During his brief notice period, on March 3, 2022, Frimpong informed Everyrealm director and board member Julia Schwartz of his impending resignation, and thanked her for building a "great company." Thus it comes as no surprise that during his short four-month tenure with the company Frimpong never complained to anyone regarding alleged sexual harassment or any of the other frivolous claims he asserts in his Complaint. Indeed, he would been hard-pressed to have done so; at all relevant times Frimpong worked remotely from England, and he never met a single employee of Everyrealm, including Mrs. Yorio, in-person. (See doc. 1 at ¶ 54).

Nevertheless, on August 15, 2022, Frimpong filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC"), wherein he swore under oath that the

---

[1] This Rule 12(b)(6) motion would be solely for the purpose of facilitating – to the extent the Court deems it necessary – the compelling of this case to arbitration.



latest date he experienced discrimination was March 1, 2022. (See Exh. A).[2] Notably, the EFA became effective on March 3, 2022, and the legislation is not retroactive.

On September 1, 2022, pursuant to their binding arbitration agreement, Everyrealm *et al.* initiated arbitration against plaintiff with the American Arbitration Association. After engaging in various dilatory tactics, Frimpong appeared personally in the arbitration on November 2, 2022, and via counsel on November 9, 2022. Counsel for Frimpong (belatedly) submitted his arbitrator rankings on November 10, 2022, and appeared for an initial scheduling conference with the appointed arbitrator on December 8, 2022. During the conference, and for the first time, Counsel for Frimpong asserted that Frimpong's claims against Everyrealm are subject to the EFA.

In light of the foregoing, and the arguments below, the Court should schedule a pre-motion conference and grant leave to the Everyrealm Defendants to move to compel arbitration of this case. Courts in the Second Circuit rely on a summary judgment-like standard to decide motions to compel arbitration. *See Bensadoun v. Jobe-Riat*, 316 F.3d 171. 175 (2d Cir. 2003). If the Court deems it appropriate, the Everyrealm Defendants would also seek leave to move to dismiss Frimpong's sexual harassment claim (and any purportedly related claim) under Rule 12(b)(6).[3]

First, the arbitration agreement is enforceable and encapsulates all of Frimpong's claims. Frimpong entered into an October 22, 2021 "Employment Letter Agreement" with Republic Realm Inc.[4] setting forth certain terms and conditions of his employment. Paragraph 13e of the Agreement contains a broad arbitration provision that sets forth Plaintiff's commitment to arbitrate, "any dispute or controversy **arising out of or relating to** any interpretation,

---

[2] Counsel for Everyrealm raised Frimpong's sworn assertion to Judge Engelmayer in open court (and on the record) on October 6, 2022, and Counsel for Frimpong offered no explanation for the March 1 date at that time. (See doc. 61 in *Yost v. Everyrealm et al.*, Case No. 1:22-cv-06549). After the passage of two months, in a transparent effort to bring himself within Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("the EFA"), Frimpong now asserts – without any explanation at all – that this March 1 date was a "scrivener's error" – and that "March 4 or 5, 2022" was the actual last date of discrimination. (See doc. 1 at p. 6, n. 2). Frimpong had already given notice of his resignation prior to March 3 and March 4 was his last date of employment (March 5 was a Saturday).

[3] This firm represents the Everyrealm Defendants (and additional individual defendants) in two other matters brought by plaintiff's counsel, each of which is assigned to Judge Engelmayer ("Engelmayer Cases"). *See Yost v. Everyrealm et al.*, Case No. 1:22-cv-06549; *Johnson v. Everyrealm et al.*, Case No.: 1:22-cv-06669. In those matters, the Everyrealm Defendants moved to compel arbitration. (See docs. 9-12, 15-20, & 24-25 in *Yost*, and 8-11, 13-17, & 26-27 in *Johnson*). Notably, plaintiffs raised the EFA as a bar to arbitration, and the Everyrealm Defendants asserted, *inter alia*, that the sexual harassment claims were implausible under the *Twombly/Iqbal* standard. Subsequently, pursuant to Judge Engelmayer's direction, the parties fully briefed the Everyrealm Defendants' Motions to Dismiss directed *only* to the plaintiffs' sexual harassment claims. (See docs. 36-41, 58-59, 71, 78 in *Yost*, and 33-38, 39-40, 54, 58 in *Johnson*). Judge Engelmayer explained that once he had assessed whether plaintiffs had sufficiently stated a claim for sexual harassment, he would decide whether the cases should be compelled to arbitration. (See docs. 34 in *Yost*, and 28 in *Johnson*).

[4] Everyrealm was formerly named Republic Realm Inc., but was renamed on February 3, 2022 by certificate of name change filed with the State of Delaware.



construction, **performance** or breach of this [employment] Agreement." (See Exh. B at pp. 5-6) (emphasis added). Virtually identical arbitration agreements have been enforced in the Southern District of New York. *See, e.g., Kuchinsky v. Curr*y, 2009 U.S. Dist. LEXIS 45390, at \*\*6-7 (S.D.N.Y. May 28, 2009) (compelling arbitration where arbitration agreement provided "[a]ny controversy or claim arising out of or relating to the construction of or application of any terms, provisions, or conditions of this Agreement shall . . . be submitted to arbitration.").

Moreover, the Federal Arbitration Act ("the FAA"), which applies to all contracts involving interstate commerce, requires arbitration of plaintiff's claims. It is undisputed that Everyrealm's business – the worldwide sale and marketing of digital real estate and metaverse development services – is national in scope and thus involves interstate commerce.

Second, the admission in Frimpong's EEOC Charge precludes him from evading arbitration under the EFA. Indeed, long before attempting to evade arbitration under the EFA, Frimpong swore that the latest date he experienced discrimination was March 1, 2022, and he never amended his Charge to correct what he now much belatedly describes as a "scrivener's error."

Frimpong has not asserted any claim of sexual harassment against Mr. Yorio, thus any claims against him are not impacted by the EFA.

To the extent the Court concludes it must assess the "plausibility" of Frimpong's purported sexual harassment claim separate and apart from the motion to compel arbitration, it should dismiss it pursuant to Rule 12(b)(6) as his flimsy allegations fall well short of Title VII's "severe and pervasive" standard. *See Syeed v. Bloomberg*, 568 F. Supp. 3d 314, 341 n. 12 (S.D.N.Y. 2022) (J. Woods). Indeed, courts routinely grant motions to dismiss where far more substantial allegations of purported sexual harassment are asserted. *See, e.g., Vito v. Bausch & Lomb Inc.*, 403 F. App'x 593 (2d Cir. 2010) (rejecting Title VII hostile work environment claim because the alleged actions were just sporadic use of abusive language, gender-related jokes, occasional teasing, or workplace bullying); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (affirming dismissal of sexual harassment claim where a supervisor told the plaintiff that "she had been voted the 'sleekest ass'" in the office and touched the plaintiff's breasts with papers in his hand) (abrogated on other grounds).

Pursuant to Rule III.C of the Court's Individual Practices, this motion is made following the conference of counsel, which took place on December 26, 2022. Plaintiff declined an opportunity to amend.

Respectfully submitted

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn, Esq.
Eleven Times Square
New York, New York 10036-8299
Ph. (212) 969-3000

Fax (212) 969-2900
lchinn@proskauer.com
*Attorneys for Everyrealm Inc.,
Janine Yorio, and Jesse Yorio*