# SEPPINNI LLP
43 West 43rd St., Ste. 256, New York, NY 10036 | Office: (212) 859-5085

January 6, 2023

The Honorable Robert W. Lehrburger
Magistrate Judge

<u>Via ECF</u>

**Re: <u>Opposition to Defs.' Pre-Motion Letter,</u>** ***<u>Frimpong v. Everyrealm, et al.</u>****,*
  Civil Action No. 1:22-cv-10487

Dear Judge Lehrburger,

  Seppinni LLP represents plaintiff Gatsby Frimpong. The Everyrealm Defendants' attempt to paint Mr. Frimpong's exercise of his constitutional right to a jury trial as "a fraud on this court" is inappropriate. Defendants' frustration that the law banning forced arbitration for this dispute went into effect the day before Mr. Frimpong's constructive discharge is not basis to impugn Mr. Frimpong's good character.

  Defendants' proposed motion to force arbitration fails to cross two thresholds: first, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFA") prevents arbitration for this Sexual Harassment Dispute and, second, no agreement to arbitrate exists between Mr. Frimpong and Everyrealm.[1]

  Defendants' transparent motivation for this motion is to threaten to accrue massive attorney fees as leverage to coerce Mr. Frimpong into dropping his well plead claims before Defendants' proposed motion proceeds. After giving this Court notice of Defendants' intent to move to force arbitration, Defendants, on January 2, served Plaintiff's counsel with a draft Rule 11 Motion for Sanctions that would ask this Court to impose sanctions and attorney fees on Mr. Frimpong and myself if *Defendants' own motion* proceeds. During the Parties' December 26 meet-and-confer regarding this motion to force arbitration, Defendants never mentioned their intent to move for Rule 11 Sanctions. Defendants' bad faith strategery should not proceed via their proposed motion.

  Since July 2022, Defendants have engaged in a relentless intimidation campaign to threaten and cajole Mr. Frimpong into silence using farfetched legal theories, abuse of the settlement privilege, and threats of financial ruin for Mr. Frimpong if this case proceeds. For example, Defendants took to the New York Post to disclose the confidential settlement demand that *they requested* he and other former employees make.[2] Defendants have now threatened sanctions in

---

[1] U.S.C. 9 § 402(a)-(b) ("Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute. . . . The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court . . ..")

[2] *See* <u>https://nypost.com/2023/01/02/ex-nfl-star-claims-racist-ceo-urged-him-sleep-with-co-workers/</u> ("Everyrealm has also accused the plaintiffs of pursuing an 'extortionate' settlement demand of $1.9 million") (visited Jan. 6, 2023).

this suit at least twice. These baseless accusations and threats of financial ruin against Mr. Frimpong reveal that Defendants know they cannot rely on facts and legal arguments to dismiss this suit.

Defendants' Letter maintains an untenable position on Mr. Frimpong's trustworthiness. It asserts that Mr. Frimpong's sexual harassment allegations cannot be believed but, in the same breath, alleges that the perfunctory niceties he exchanged with Everyrealm management on his way out of the company (which say nothing regarding sexual harassment)[3] must be taken as a true and final accounting of this dispute. Defendants ignore that Mr. Frimpong's significant other witnessed much of the sexual harassment that occurred, and states as much under penalty of perjury.[4] Mr. Frimpong's cordial professionalism in the face of rampant sexual harassment and race discrimination is not proof that misconduct could not have occurred against him.

## I. The EFA Covers this Case and Prevents Forced Arbitration

The face of the Complaint alleges that Mr. Frimpong was constructively discharged on March 4 or 5, and plausibly pleads a "Sexual Harassment Dispute" under the EFA.[5] Therefore, a motion to force arbitration here is unnecessary and would frustrate the EFA's purpose.

Defendants concede that Mr. Frimpong's last day working—the date he was constructively discharged—was March 4, 2022. Indeed, the calendar that Defendants supplied Plaintiff with alongside their frivolous draft Rule 11 motion confirms this.[6] The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act applies to Sexual Harassment Disputes that accrue on or after March 3, 2022.[7] Thus, this case is covered by the EFA.

Footnote 2 of the Complaint explains that the March 1, 2022, date listed on the EEOC charge was "a scrivener's error."[8] Plaintiff's counsel has reiterated this to Defendants' counsel. It is a minor typo. Regardless, this is a non-issue because Defendants concede that Mr. Frimpong was discharged on March 4, 2022, not on March 1, 2022.[9]

## II. No Agreement to Arbitrate Exists Between Mr. Frimpong and the Everyrealm Defendants

The Everyrealm Defendants misled this Court in their Letter to try to shoehorn in a contractual relationship between Everyrealm and Mr. Frimpong that never existed. Defendants baldly misstate: "Frimpong entered into an October 21, 2022 'Employment Letter Agreement' with Republic Realm Inc."[10] This is objectively false; Mr. Frimpong's Employment Letter Agreement is with Republic Operations LLC, not Republic Realm Inc. The Employment Letter Agreement states: "Dear Mr. Frimpong, We have enjoyed getting to know you, and I am pleased to extend to you this offer to join Republic Operations LLC, a wholly owned subsidiary of

---

[3] See Pltfs. Ex. A, Defs.' Draft Rule 11 Motion Exhibits, at 2 (Defendants sent the contents of Pltfs.' Ex. A as draft exhibits with their Draft Rule 11 Sanctions Motion to Plaintiff's counsel on Jan. 2, 2022).
[4] Compl. ¶¶ 66-67; Hussain Decl. ¶¶ 3-6.
[5] Compl. FN2 at 6.
[6] Pltfs.' Ex. A, Defs.' Draft Rule 11 Motion Exhibits, at 2.
[7] See Pub. L. 117–90, § 3, Mar. 3, 2022, 136 Stat. 28 ("This Act [see Short Title of 2022 Amendment note set out under section 1 of this title], and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act [Mar. 3, 2022].").
[8] Compl. at 6.
[9] Dkt. no. 8, Defs. Pre-Motion Letter at 1 (". . .his last date of employment with the company was March 4, 2022.")
[10] Dkt. no. 8 at 2.

OpenDeal Inc. dba Republic."[11] Mr. Frimpong merely "provided services" to "Republic Realm Inc." but did not agree to arbitrate claims against it. *Id*. The Agreement was written and executed, not by a Republic Realm Inc./Everyrealm employee, but by a Republic/Open Deal Operations LLC executive named Youngro Lee whose publicly available LinkedIn shows he has never worked for Republic Realm Inc. nor Everyrealm.[12] Defendants use the confusingly named entities (e.g., Republic Realm Inc., Republic Operations LLC, and Republic) to attempt a sleight of hand. But the Employment Letter Agreement is clear that Republic Operations LLC is "the Company" that Mr. Frimpong signed an unenforceable arbitration agreement with, not Republic Realm Inc. The agreement was even written on Republic's letterhead (which is a d/b/a for Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC, but *not* for Republic Realm Inc.).[13]

The Republic Defendants have stridently argued in *Yost v. Everyrealm, et al.* that Everyrealm/Republic Realm Inc. and Republic Operations LLC/Republic are entirely distinct entities.[14] Now, Everyrealm argues that a contract signed between Mr. Frimpong and Republic somehow covers it too. Discovery will show that when Republic spun out Everyrealm, Everyrealm/Republic Realm Inc. had its new and preexisting employees sign employment and arbitration agreements on its letterhead, executed by Republic Realm/Everyrealm executives. Republic chose not to have Mr. Frimpong execute an agreement with Everyrealm. Therefore, no agreement to arbitrate exists between Mr. Frimpong and the Everyrealm Defendants.[15]

### III.  Mr. Frimpong Plausibly Pleads a Sexual Harassment Dispute

Defendants' Letter fails to address Mr. Frimpong's claims of quid pro quo sexual harassment, retaliation for sexual harassment, and any of his other non-hostile work environment sexual harassment claims. Still, the allegations in the pleadings plausibly allege severity and pervasiveness sufficient to survive a motion to dismiss the hostile work environment claim. Many, if not most of Ms. Yorio and Mr. Frimpong's interactions, involved sexual harassment, as alleged. What's more, Ms. Yorio's sexually harassing comment about "getting the customer wet like you would with a woman" occurred within earshot of Mr. Frimpong's significant other and caused severe distress in their relationship.[16] Defendants' attempt to downplay the serious, well plead sexual harassment by referencing inapposite and decades old case law is unconvincing, as Mr. Frimpong will show in his formal opposition papers should they be necessary.

### IV.  Conclusion

While Mr. Frimpong opposes Everyrealm's attempt to force this dispute into arbitration as lacking basis in fact, he believes that a conference would be in the interest of justice and judicial economy to discuss the appropriate next steps here, including whether the improper arbitration brought by Defendants against Mr. Frimpong should be stayed. Given the novelty of the legal issues presented and Defendants' stated intention of moving to dismiss the sexual harassment dispute as part of its motion to compel arbitration, Plaintiff requests that your Honor issue a Report and Recommendation should the Court proceed with Defendants' motion.

---

[11] Defs.' Ex. B at 1.
[12] https://www.linkedin.com/in/youngrolee/ (visited Jan. 6, 2022).
[13] *See* Defs.' Ex. B at 1.
[14] *See gen.*, 1:22-cv-06549, dkt. no. 56.
[15] Mr. Frimpong intends to make additional arguments regarding the unenforceability of the Arbitration Agreement in subsequent briefing, if necessary.
[16] Compl. ¶¶ 66-67; Hussain Decl. ¶¶ 3-6.

Regards,

*/s/ Shane Seppinni*
Shane Seppinni

Seppinni LLP
(347) 378-5655
shane@seppinnilaw.com