

2950 N. Harwood Street, Ste. 2100, Dallas, TX 75201  •  (214) 397-0030

January 11, 2023

Jason T. Weber
(214) 754-5741
(214) 292-9487 Fax
jweber@polsinelli.com
Isaac Z. Treadaway
(214) 754-5745
itreadaway@polsinelli.com

Hon. Robert W. Lehrburger **Via ECF**
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Frimpong v. Everyrealm, et al.*, **Case No.: 1:22-cv-10487**

Dear Judge Lehrburger:

      This firm represents Defendants OpenDeal Inc. ("OpenDeal"), OpenDeal Portal LLC ("OpenDeal Portal"), and Republic Operations LLC ("Republic Operations") in the above referenced matter.[1] We write, on behalf of Republic Operations,[2] and request to join in the Everyrealm Defendant's December 28, 2022, letter requesting a pre-motion conference regarding anticipated motions to compel arbitration and, to the extent the Court deems it appropriate, Rule 12(b)(6) motion to dismiss Plaintiff Gatsby Frimpong's ("Frimpong") purported sexual harassment claim (the "Everyrealm Motion").

---

[1] This firm represents the same three parties in two other matters brought by Frimpong's counsel, both of which are assigned to Judge Engelmayer. *See Yost v. Everyrealm et al.*, Case No. 1:22-cv-06549; *Johnson v. Everyrealm et al.*, Case No.: 1:22-cv-06669. In the *Yost* matter, OpenDeal, OpenDeal Portal, and Republic Operations (the "Non-Employer Defendants") moved to dismiss under Rule 12(b)(6) because no employment relationship existed between the plaintiffs and the Non-Employer Defendants. No Rule 12(b)(6) motion was filed by the Non-Employer Defendants in the *Johnson* matter because the plaintiff voluntarily dismissed them before their responsive pleading came due.

[2] OpenDeal and OpenDeal Portal intend to directly move for a Rule 12(b)(6) Motion to Dismiss because Frimpong lacked any employment relationship with these entities and, aside from conclusory statements and Frimpong's egregious group pleading failures, there are no allegations establishing any employer-employee relationship between Frimpong and OpenDeal and/or OpenDeal Portal. Accordingly, OpenDeal and OpenDeal Portal do not believe moving to compel arbitration is necessary at this juncture as the claims can be dismissed at the onset.

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Miami    Nashville    New York
Phoenix    St. Louis    San Francisco    Seattle    Silicon Valley    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California

87595469.2



Judge Lehrburger
January 11, 2023
Page 2

      Frimpong was employed by Republic Operations from approximately November 1, 2021, to January 31, 2022. Frimpong had no other relationship with Republic Operations outside of this time frame. At the onset of his employment, Frimpong agreed to arbitrate the claims he asserts in his Original Complaint:

> Arbitration. Except as provided in Section 13(e)(ii) below, you agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in the State of New York, in accordance with the rules then in effect of the American Arbitration Association. The arbitrator shall be final, conclusive, and binding on both the Company and you. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Company and you shall each pay one-half of the costs and expenses of such arbitration, and each of the Company and you shall separately pay counsel fees and expenses.[3]

      Nearly identical arbitration clauses have been enforced by the Southern District of New York. *See, e.g., Kuchinsky v. Curry*, 2009 U.S. Dist. LEXIS 45390, at **6–7 (S.D.N.Y. May 28, 2009) (compelling arbitration where arbitration agreement provided "[a]ny controversy or claim arising out of or relating to the construction of or application of any terms, provisions, or conditions of this Agreement shall . . . be submitted to arbitration.").

      Now, Frimpong attempts to evade his mandatory arbitration obligations by invoking the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (the "EFA"). As will be further detailed in Republic Operation's contemplated briefing, the EFA is inapplicable and Frimpong's claims against Republic Operations are subject to arbitration.

      *First*, the EFA does not apply to Frimpong's claims. As explained in Everyrealm's Motion, Frimpong swore under the penalty of perjury that the last day he experienced any discrimination (*much less sexual harassment*) was March 1, 2022. *See also Broich v. Incorporated Village of* Southampton, 462 Fed. Appx. 39 (2nd. Cir. 2012) (explaining "EEOC charges are sworn affidavits"). The EFA became effective on March 3, 2022, and only applies prospectively. Therefore, Frimpong swore under oath that his claims pre-date EFA. This alone prevents Frimpong from availing himself of EFA and avoiding mandatory arbitration.[4]

---

[3] Exhibit A, Frimpong's Employment Letter Agreement, p. 4.
[4] Even if the Court were to give credence to Frimpong's self-described "scrivener's error," the Original Complaint fails to expressly identify any purported sexual harassment that allegedly occurred between March 3 and March 4, 2022.



*Second*, even assuming *arguendo* that Frimpong could somehow escape his sworn statement to the EEOC *(which he cannot)*, his relationship with Republic Operations ended on January 31, 2022—over a month before EFA took effect. Accordingly, it is not possible that Republic Operations is liable for any sexual harassment that occurred after EFA's effective date. Frimpong attempts to gloss-over this fact in his Original Complaint by engaging in impermissible group pleading. Frimpong roles all corporate defendants together into the ambiguous terms "Republic" and/or "Everyrealm" and then repeatedly uses the terms "Republic" and/or "Everyrealm" throughout his Original Complaint—often without differentiating between the different entities that allegedly form these entities and never specifying any actions taken by Republic Operations. Because Frimpong's claims against Republic Operations must pre-date EFA based on his employment period with Republic Operations, his claims should be compelled to arbitration.

*Third*, as explained in Everyrealm's letter, Frimpong fails to assert claims that satisfy Title VII's severe and pervasive standard. Even assuming *arguendo* that Janine Yorio made the statements alleged in the Original Complaint, those comments amount to nothing more than isolated incidents, petty slights, or minor annoyances that fail as a matter of law. Moreover, most—*if not all*—of the purported harassing statements and/or actions by Janine Yorio occurred after January 31, 2022, and, therefore, remove Republic Operations from any potential liability for such statements. Again, Frimpong attempts to avoid this fact by engaging in impermissible group pleading.

Therefore, Republic Operations respectfully request to join Everyrealm's Motion and respectfully requests that the January 24, 2023 Case Management Conference also address Republic Operations' request for leave to move to compel arbitration under a summary judgment-like standard; and, if the Court deems it appropriate, also provide Republic Operations with leave to move to dismiss Frimpong's sexual harassment claim (and any purportedly related claim) under Rule 12(b)(6)

Pursuant to Rule III.C of the Court's Individual Practices, the undersigned counsel for Republic Operations conferred with Frimpong's counsel on December 26, 2022. Frimpong declined an opportunity to amend.

POLSINELLI

Sincerely

*/s/ Jason T. Weber*

**POLSINELLI PC**
**Jason T. Weber, *Lead Counsel***
admitted *pro hac vice* ECF 17
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* ECF 18
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*