UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

| | |
|---|---|
| GATSBY FRIMPONG, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| -against- | : Case No. 1:22-CV-10487 |
| | : |
| | : |
| EVERYREALM INC., REPUBLIC COMPOUND | : |
| LLC, d/b/a REPUBLIC REAL ESTATE, | : |
| REPUBLIC OPERATIONS LLC d/b/a REPUBLIC,: |
| OPENDEAL INC., d/b/a REPUBLIC, OPENDEAL : |
| PORTAL LLC, d/b/a REPUBLIC, JESSE | : |
| YORIO in her individual and professional | : |
| capacities, JANINE YORIO in his individual and | : |
| professional capacities, | : |
| | : |
| *Defendants.* | : |

───────────────────────────────

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT REPUBLIC OPERATIONS LLC'S MOTION TO COMPEL
## <u>ARBITRATION OF PLAINTIFF'S ORIGINAL COMPLAINT [ECF 1]</u>

**POLSINELLI PC**
**Jason T. Weber, *Lead Counsel***
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic
Operations LLC, OpenDeal Inc.,
and OpenDeal Portal LLC*

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  RELEVANT FACTUAL BACKGROUND ............................................................. 4

   A.   Background of Republic Operations................................................................... 4

   B.   Plaintiff's Employment with Republic Operations............................................ 5

      1.   Employment Letter Arbitration Agreement ................................................ 5

      2.   Republic Operations Arbitration Agreement ............................................. 5

      3.   Everyrealm Arbitration Agreement............................................................ 6

      4.   Republic Operations' Limited Affiliation with Everyrealm Inc. ............... 7

   C.   Plaintiff's Termination of Employment with Republic Operations ................... 8

   D.   Plaintiff's Resignation of Employment with Everyrealm Inc. .......................... 9

III. ARGUMENT & AUTHORITIES ............................................................................ 9

   A.   Plaintiff's Claims Against Republic Operations are Subject to Valid and Enforceable
      Arbitration Agreements ..................................................................................... 9

   B.   The FAA Requires Arbitration of the Claims Asserted In Plaintiff's Complaint ............... 10

      1.   Plaintiff Entered into a Valid and Enforceable Agreement to Arbitration Under the
         Republic Operations Arbitration Agreement ............................................. 10

      2.   In the Alternative, Plaintiff Entered into a Valid and Enforceable Agreement to
         Arbitrate Under the Employment Letter Arbitration Agreement .................. 11

         a.   The Employment Letter Arbitration Agreement Encompasses the Claims in the
            Complaint, Which Are Arbitrable ......................................................... 12

         b.   None of the Claims Asserted by Plaintiff Are Non-Arbitrable ................... 12

      3.   In the Alternative, Plaintiff Entered into a Valid and Enforceable Agreement to
         Arbitrate Under the Everyrealm Arbitration Agreement ............................. 13

         a.   Non-Signatories May Enforce Agreements to Arbitrate in the Second Circuit ........... 14

         b.   Republic Operations May—Separately—Enforce the Everyrealm Arbitration
            Agreement .......................................................................................... 15

   C.   EFA Does Not Apply to Plaintiff's Claims Against Republic Operations........................... 16

      1.   Under U.S. Supreme Court Precedent—and Indulging Every Inference in
         Plaintiff's Favor—the Last Possible Date that Plaintiff's Sexual Harassment Claim
         Arose or Accrued Was Still Before EFA's Effective Date ............................. 16

      2.   Even if Plaintiff's Constructive Discharge Claim Triggered EFA—It Doesn't—It
         Still Does Not Apply to Republic Operations Because Their Employment
         Relationship Ended Well Before EFA's Effective Date ............................... 16

      3.   Even if Plaintiff Could Identify Sexual Harassment Claims that Arose or Accrued
         After EFA's Effective Date and An Ongoing Employment Relationship with

Republic Operations, If Such Claims Are Dismissed Under Rule 12(b)(6), EFA Will Still Not Apply ................................................................................................17

D.   In the Alternative, Any Claims that Are Subject to EFA Should Be Stayed Pending Arbitration of All Other Claims ...........................................................................18

IV.  CONCLUSION..........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bankers Conseco Life Ins. Co. v. Feuer*,
No. 16-CV-7646, 2018 WL 1353279 (S.D.N.Y. Mar. 15, 2018) ......................................14, 15

*Camferdam v. Ernst & Young Intern. Inc.*,
No. 02-CV-307292, 2004 WL 307292 (S.D.N.Y. Feb. 13, 2004)....................................14, 15

*Circuit City Stores, Inc. v. Adams*,
532 U.S. 105 (2001)....................................................................................................................11

*DeBono v. Wash. Mut. Bank*,
No. 05-CV-10333, 2006 WL 3538938 (S.D.N.Y. Dec. 8, 2006) ...........................................11

*Feroce v. Bloomingdale's Inc.*,
No. 12-CV-5014, 2014 WL 294199 (E.D.N.Y. Jan. 23, 2014) ...............................................11

*Gold v. Deutsche Aktiengesellschaft*,
365 F.3d 144 (2d Cir. 2004).......................................................................................................11

*Guyden v. Aetna, Inc.*,
544 F.3d 376 (2d Cir. 2008).......................................................................................................10

*Jewish People for the Betterment of Westhampton Beach v. Vill. of Westhampton Beach*,
No. 2:12-CV3760, 2013 WL 11322083 (E.D.N.Y. May 21, 2013), *aff'd*, 778 F3d
390 (2d Cir. 2015)......................................................................................................................10

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
387 F.3d 163 (2d Cir. 2004).................................................................................................14, 15

*Kuchinsky v. Curry*,
No. 09-CV-00299, 2009 WL 1492225 (S.D.N.Y. May 28, 2009) ..........................................12

*LeDeatte v. Horizon Media*,
571 F. Supp. 3d 72 (S.D.N.Y. 2021).........................................................................................13

*Medidata Sols., Inc. v. Veeva Sys., Inc.*,
748 Fed. App'x 363 (2d Cir. 2018)...........................................................................................15

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)........................................................................................................................12

*Oldroyd v. Elmira Say. Bank*,
134 F.3d 72 (2d Cir. 1998).........................................................................................................10

87418164.10

*Porcelli v. JetSmarter, Inc.*,
   No. 19-CV-2537, 2019 WL 2371896 (S.D.N.Y. June 5, 2019) ...............................................12

*Ross v. Am. Express Co.*,
   547 F.3d 137 (2d Cir. 2008)...................................................................................................15

*Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   No. 89-CV-3749, 1992 WL 245506 (S.D.N.Y. Sept. 14, 1992) ...........................................13

*Tarulli v. Circuit City Stores, Inc.*,
   333 F. Supp. 2d 151 (S.D.N.Y. 2004)....................................................................................11

**Statutes**

Federal Arbitration Act ........................................................................................... *passim*

Title VII of the Civil Rights Act of 1964.................................................................. *passim*

The 1866 Civil Rights Act .................................................................................................12

**Other Authorities**

FED. R. CIV. P. 10................................................................................................... *passim*

FED. R. CIV. P. 12................................................................................................... *passim*

FED. R. EVID. 201 .................................................................................................................1

168 Cong. Rec. S626 (daily ed. Feb. 10, 2022) (statement of Sen. Joni Ernst)...........................17

87418164.10

# I.
## <u>PRELIMINARY STATEMENT</u>

Defendant Republic Operations LLC ("Republic Operations"), by and through its counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Compel Arbitration (the "Motion") pursuant to FED. R. CIV. P. 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. §§ 3, 4 (the "FAA").

This case—like the other lawsuits that Plaintiff's counsel is concurrently pursuing against the same collection of defendants[1]—is a smear campaign and shakedown, masked as a wrongful termination/discrimination lawsuit. Collectively, these plaintiffs are pursuing <u>34 claims</u> in live pleadings that span <u>121 pages</u> and <u>641 paragraphs</u>, each of which pander to clickbait media without regard to federal pleading requirements. Avoiding private arbitration at all costs advances these plaintiffs' true objective—weaponizing these lawsuits to vilify Defendants Everyrealm Inc., Janine Yorio, Jesse Yorio (collectively, "the Everyrealm Defendants"), and others in the public arena through numerous salacious allegations that have no factual truth or legal relevance in hopes of extorting large settlements and inflicting reputational harm on anyone who fails to cave into their demands.

Here, the determination of whether Plaintiff's claims are subject to binding arbitration is straightforward. Based on Plaintiff's previous letter briefs and representations at the Case Management Conference,[2] Plaintiff is not disputing the existence or scope of the arbitration agreements (nor could he). Instead, his attempt to escape his contractual agreement to arbitrate is

---

[1] Pursuant to FED. R. EVID. 201, Republic Operations respectfully requests that this Court take judicial notice of Civil Action No. 1:22-CV-06549-PAE, *Yost v. Everyrealm Inc., et al.* (S.D.N.Y.) and Civil Action No. 1:22-CV-06669-PAE, *Johnson v. Everyrealm Inc.* (S.D.N.Y.) (while Plaintiff, Johnson, originally brought suit against Republic Operations LLC and the Non-Employer Defendants, Johnson has since abandoned claims against these defendants). The *Johnson* lawsuit is also referenced in Plaintiff's Complaint. *See* Pl.'s Compl. ¶ 75 [ECF 1].

[2] *See generally* Pl.'s Pre-Mot. Ltr. [ECF 12]; Pl.'s Opp. Ltr. [ECF 22]; Hearing Tr. (Jan. 24, 2023).

solely premised on his—misplaced—contention that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFA") applies and bars arbitration of all claims.

Similar to the Everyrealm Defendants, pursuant to FED. R. CIV. P. 12(b)(1) and the FAA, Republic Operations respectfully moves this Court to (1) dismiss this action against it because all claims contained in Plaintiff's Original Complaint [ECF 1] are subject to arbitration; and (2) compel Plaintiff to arbitrate his claims against it pursuant to (i) the arbitration provision contained in Plaintiff's Worksite Employee Acknowledgement Agreement with Republic Operations; (ii) in the alternative, the arbitration provision contained in Plaintiff's Employment Letter Agreement with Republic Operations; or (iii) in the alternative, the arbitration provision contained in Plaintiff's Worksite Employee Acknowledgment Agreement with Everyrealm Inc. (f/k/a Republic Realm Inc.). Republic Operations' available grounds for compelling the arbitration of Plaintiff's claims are slightly different than the Everyrealm Defendants:

- *First*, Plaintiff filed the instant action contrary to three contracts in which he agreed to arbitrate all claims related to his employment with Republic Operations and Everyrealm Inc.: (1) a Worksite Employee Acknowledgement Agreement he executed with Republic Operations (the "Republic Operations Arbitration Agreement"); (2) an Employment Letter Agreement that he executed regarding his employment with Republic Operations (the "Employment Letter Arbitration Agreement"); and (3) a Worksite Employee Agreement that he executed with Everyrealm Inc. (f/k/a Republic Realm Inc.) (the "Everyrealm Arbitration Agreement"). The Republic Operations Arbitration Agreement, the Employment Letter Arbitration Agreement, and the Everyrealm Arbitration Agreement (collectively, the "Arbitration Agreements") are

87418164.10

governed by the FAA, they are valid and enforceable under the FAA, and the scope of these provisions cover all claims asserted by Plaintiff.

- _Second_, EFA is inapplicable to Plaintiff's claims. EFA only applies to claims of sexual harassment that arose or accrued on or after March 3, 2022. Plaintiff's employment with Republic Operations ended on January 31, 2022. Stated differently, there was no employment relationship between Plaintiff and Republic Operations from February 1, 2022, forward. Under this basis alone, it is impossible for EFA to apply because, as of EFA's effective date (_i.e._, March 3, 2022), there was no employment relationship between Plaintiff and Republic Operations.

- _Third_, even assuming, _arguendo_, that Plaintiff could establish an ongoing employment relationship with Republic Operations (he cannot despite trying to through patently false claims that three or more entities controlled a bank account in which he was paid from after January 31, 2022), EFA remains inapplicable. Plaintiff swore under the penalty of perjury that the last day he suffered from _any_ type of discrimination by _any_ Defendant was on March 1, 2022. Worse, Plaintiff has not—and cannot—identify _any_ acts of sexual harassment that occurred on or after March 3, 2022. Recognizing this dilemma, Plaintiff has pivoted and now claims that EFA nevertheless applies because his employment with Everyrealm Inc. extended through "March 4 or March 5, 2022"[3]—even though it is undisputed that he gave _notice_ of resignation on March 1, 2022, _i.e._, _before EFA's effective date_. Regardless of whether Plaintiff's self-described "scrivener's error" is to be believed, U.S. Supreme Court precedent is clear—a

---

[3] _See_ Pl.'s Orig. Compl., ¶ 25 n.2 [ECF 1].

constructive discharge claim accrues on the date that notice is given (and *not* the date of the work separation). As such, EFA has no application.

- *Fourth,* even assuming, *arguendo*, that EFA did otherwise apply (it does not), Plaintiff's sexual harassment and related claims are frivolous and, as a matter of law, do not state a valid claim for relief against Republic Operations. In turn, any purported EFA-triggering claims (1) warrant dismissal under Republic Operations' concurrently filed Rule 12(b)(6) Motion to Dismiss Plaintiff's Sexual Harassment and Related Claims; and (2) cannot serve as a basis for avoiding arbitration, even under Plaintiff's overly broad interpretation of EFA.

Therefore, Plaintiff is bound to arbitrate all claims he asserts against Republic Operations—if any such claims even exist.

## II.
## RELEVANT FACTUAL BACKGROUND

### A. Background of Republic Operations

Republic Operations is a Delaware limited liability company with its principal place of business in New York, New York.[4] Republic Operations is a subsidiary of OpenDeal Inc. ("OpenDeal") used solely to, engage vendors for the benefit of, and employ those persons who work for OpenDeal's other subsidiaries; these person manage a retail investment platform, private capital division, blockchain advisory practice and other related businesses (collectively the "OpenDeal Business").[5] Republic Operations, through its employment of persons working for the OpenDeal Business, serves customers throughout the United States and is engaged in interstate commerce.[6]

---

[4] Ex. 1, Cooke Decl., ¶ 2.
[5] Ex. 2, Rich Decl., ¶ 2.
[6] Ex. 1, Cooke Decl., ¶ 3.

**B.  Plaintiff's Employment with Republic Operations**

Plaintiff was employed by Republic Operations from November 1, 2021, through January 31, 2022.[7] Plaintiff worked fully remote from the United Kingdom for the entirety of his employment with Republic Operations.[8] Plaintiff never physically worked from, or even visited, any of Republic Operations' facilities.[9] In addition, Plaintiff's employment with Republic Operations was without issue; he never once reported a single issue regarding alleged harassment or discrimination.[10]

**1.  *Employment Letter Arbitration Agreement***

On December 3, 2021, Plaintiff executed the Employment Letter Arbitration Agreement, which contains the following arbitration provision:

> Arbitration. Except as provided in Section 13(e)(ii) below, you agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance, or breach of this Agreement, shall be settled by arbitration to be held in the State of New York, in accordance with the rules then in effect of the American Arbitration Association. The arbitrator shall be final, conclusive, and binding on both the Company and you. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Company and you shall each pay one-half of the costs and expenses of such arbitration, and each of the Company and you shall separately pay counsel fees and expenses.[11]

**2.  *Republic Operations Arbitration Agreement***

On December 9, 2021, Plaintiff executed the Republic Operations Arbitration Agreement with Republic Operations and its professional employment organization-service provider Justworks Employment Group LLC ("Justworks") which, in relevant part, contains the following arbitration provision:

> **Arbitration.** By clicking "I Accept" below, you, on the one hand, and [Republic Operations] and Justworks, on the other hand, agree to use binding arbitration as

---

[7] *Id.* ¶ 4.
[8] *Id.* ¶ 5.
[9] *Id.* ¶ 6.
[10] *Id.* ¶ 7.
[11] *Id.* Ex. A, p. 5.

the sole and exclusive means to resolve all disputes that may arise between you and [Republic Operations] and/or you and Justworks, including, but not limited to, disputes regarding termination of employment and compensation. You specifically waive and relinquish your right to bring a claim against [Republic Operations] and/or Justworks, in a court of law, and this waiver shall be equally binding on any person who represents or seeks to represent you in a lawsuit against [Republic Operations] or Justworks in a court of law. You, [Republic Operations], and Justworks agree that any claim, dispute, and/or controversy that you may have against [Republic Operations] (or its owners, directors, officers, managers, employees, or agents), or Justworks (or its owners, directors, officers, managers, employees, or agents), or that [Republic Operations] or Justworks may have against you, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("**FAA**"). Included within the scope of this arbitration agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims brought under the Fair Labor Standards Act or any other similar state or local law or regulation, or claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act or any other similar local, state, or federal law or regulation), equitable law, or otherwise.[12]

### 3. *Everyrealm Arbitration Agreement*

During Plaintiff's brief three-month tenure with Republic Operations he served as a "Product Manager" for Republic Realm Inc. (n/k/a Defendant Everyrealm Inc.) and Plaintiff reported to Republic Realm Inc.'s president and chief executive officer Janine Yorio ("Yorio").[13] In connection with this work-sharing arrangement, on or about December 19, 2021, Plaintiff executed the Everyrealm Arbitration Agreement with Everyrealm and Justworks—which is identical to the Republic Operations Arbitration Agreement and contains the following arbitration provision:

**Arbitration**. By clicking "I Accept" below, you, on the one hand, and [Everyrealm] and Justworks, on the other hand, agree to use binding arbitration as the sole and exclusive means to resolve all disputes that may arise between you and [Everyrealm] and/or you and Justworks, including, but not limited to, disputes regarding termination of employment and compensation. You specifically waive and relinquish your right to bring a claim against [Everyrealm] and/or Justworks, in a court of law, and this waiver shall be equally binding on any person who

---

[12] *Id.* ¶ Ex. B, p. 2.
[13] *Id.* ¶ 10.

represents or seeks to represent you in a lawsuit against [Everyrealm] or Justworks in a court of law. . . You, [Everyrealm], and Justworks agree that any claim, dispute, and/or controversy that you may have against [Everyrealm] (or its owners, directors, officers, managers, employees, or agents), or Justworks (or its owners, directors, officers, managers, employees, or agents), or that [Everyrealm] or Justworks may have against you, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act (" **FAA** "). Included within the scope of this arbitration agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims brought under the Fair Labor Standards Act or any other similar state or local law or regulation, or claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act or any other similar local, state, or federal law or regulation), equitable law, or otherwise.[14]

### 4. *Republic Operations' Limited Affiliation with Everyrealm Inc.*

As explained in Plaintiff's Employment Letter Arbitration Agreement, Republic Operations exercised minimal control over Plaintiff's day-to-day activities during his brief three-month employment.[15] Instead, per an arrangement with Republic Realm Inc., Republic Operations simply provided payroll and benefit support services for Plaintiff (and other similar employees at Republic Realm Inc.—which, never included Yost or Johnson as they were never employees of Republic Operations) and was then reimbursed by Republic Realm Inc. for its payroll and benefit services.[16] During this period, Republic Operations, Republic Realm Inc. (n/k/a Everyrealm Inc.), and OpenDeal Portal LLC, were either wholly owned or majority owned (in the case of Republic Realm Inc.) subsidiaries of OpenDeal.[17] Similarly, Republic Compound LLC was a wholly owned subsidiary of OpenDeal Inc. until Republic Compound LLC ceased to be a subsidiary of OpenDeal Inc. as of January 1, 2022.[18]

---

[14] *See* Everyrealm Defs.' Mot. Compel Arb., Ex. B, Kerr Decl., pp. 2–3 (filed February 8, 2023).
[15] *Id.* ¶ 11; *see also id.* Ex. A, pp. 1–2.
[16] *Id.* ¶ 12.
[17] Ex. 2, Rich Decl., ¶ 3.
[18] *Id.* ¶ 4.

<u>**Corporate Relationship (Nov. 1, 2021–Jan. 31, 2022)**</u>[19]



### C. Plaintiff's Termination of Employment with Republic Operations

In advance of Republic Realm Inc. becoming a wholly independent company, in association with financing which would remove OpenDeal Inc.'s majority ownership of Republic Realm Inc., on January 31, 2022, Republic Operations ended its payroll and benefit services to Republic Realm Inc. (n/k/a Everyrealm Inc.).[20] Contemporaneous with the cessation of these services, on January 31, 2022, Republic Operations also terminated its employment of Plaintiff, and he became solely employed by Republic Realm Inc. (n/k/a Everyrealm Inc.).[21] To be clear, Republic Operations had zero control over Plaintiff's job responsibilities, working conditions, terms of employment, or rate of pay after January 31, 2022.[22]

Following OpenDeal's spinoff of Republic Realm Inc., effective February 1, 2022, Republic Realm Inc. (n/k/a Everyrealm Inc.) became a legally independent entity in which OpenDeal held neither the majority of shares nor were its agents the majority of directors on Everyrealm's board of directors.[23]

---

[19] *Id.* ¶¶ 3–4. The provided illustration includes a truncated list of business entities that operated under OpenDeal Inc. from November 1, 2021, to January 31, 2022. Republic Compound LLC was a subsidiary of OpenDeal Inc. until December 31, 2021. *Id.*
[20] *Id.* ¶ 6.
[21] Ex. 1, Cooke Decl., ¶ 13.
[22] *Id.* ¶ 14.
[23] Ex. 2, Rich Decl., ¶ 7.

**Corporate Relationship (Feb. 1, 2022–Present)[24]**



### D. Plaintiff's Resignation of Employment with Everyrealm Inc.

Per the Court's instruction,[25] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section I(A) the Everyrealm Defendants' Motion to Compel Arbitration (filed February 8, 2023) (the "Everyrealm Defendants' Motion"). As discussed therein, Plaintiff (1) provided notice of his resignation on March 1, 2022; and (2) has never once asserted there were any communications between himself and Yorio after March 1, 2022 (nor could he).[26]

### III.
### ARGUMENT & AUTHORITIES

### A. Plaintiff's Claims Against Republic Operations are Subject to Valid and Enforceable Arbitration Agreements

Per the Court's instruction,[27] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference

---

[24] *Id.*

[25] *See* Hearing Tr., p. 29:8–13 (Jan. 24, 2023) ("Since there are going to be multiple defendants moving, I would ask that to the extent there's an argument that Mr. Weber's clients are joining in essentially, that they just do that and adopt it and not set up a similar argument, so we don't have multiple same points.").

[26] *See* Everyrealm Defs.' Mot. Compel Arb., § I(A) (filed Feb. 8, 2023).

[27] *See supra* note 25.

Section I(B–C) of the Everyrealm Defendants' Motion.[28] As explained therein, the FAA is applicable to Plaintiff's claims; Congress and this Circuit strongly favor compelling arbitration under the FAA.[29]

**B.  The FAA Requires Arbitration of the Claims Asserted In Plaintiff's Complaint**

In deciding a motion to compel arbitration, this Court must consider four factors: (1) whether the parties have agreed to arbitrate their disputes; (2) whether the scope of that agreement encompasses the plaintiff's claims; (3) if federal statutory claims are asserted, whether the legislature intended them to be non-arbitrable; and (4) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration. *See Guyden v. Aetna, Inc.,* 544 F.3d 376, 382 (2d Cir. 2008) (citing *Oldroyd v. Elmira Say. Bank,* 134 F.3d 72, 76 (2d Cir. 1998)). As set forth below, application of these factors clearly requires that Plaintiff's Complaint, as it applies to Republic Operations, must be dismissed and that Plaintiff be compelled to arbitration.

> **1.  *Plaintiff Entered into a Valid and Enforceable Agreement to Arbitration Under the Republic Operations Arbitration Agreement***

Per the Court's instruction,[30] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section I(C)(1–3) of the Everyrealm Defendants' Motion.[31] The Republic Operations Arbitration

---

[28] *See Jewish People for the Betterment of Westhampton Beach v Vill. of Westhampton Beach*, No. 2:12-CV3760, 2013 WL 11322083, at *1 (E.D.N.Y. May 21, 2013), *aff'd*, 778 F3d 390 (2d Cir. 2015) (granting defendant's motion for "judgment on the pleadings [where] said Motion incorporated by reference certain arguments made by [another defendant] in its Motion to Dismiss.").

[29] *See* Everyrealm Defs.' Mot. Compel Arb., § I(B–C) (filed Feb. 8, 2023).

[30] *See supra* note 25.

[31] *See Vill. of Westhampton Beach*, 2013 WL 11322083, at *1 (granting defendant's motion for "judgment on the pleadings [where] said Motion incorporated by reference certain arguments made by [another defendant] in its Motion to Dismiss.").

87418164.10

Agreement is identical to the Everyrealm Arbitration Agreement and equally enforceable and binding.[32]

### 2. In the Alternative, Plaintiff Entered into a Valid and Enforceable Agreement to Arbitrate Under the Employment Letter Arbitration Agreement

In the alternative, if the Court finds that the Republic Operations Arbitration Agreement does not apply, Plaintiff's claims are still subject to binding and enforceable arbitration because of the Employment Letter Arbitration Agreement. The FAA provides that "a written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be *valid, irrevocable, and enforceable,* save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added); *see also Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111–12 (2001). Plaintiff executed the Employment Letter Arbitration Agreement on or about December 3, 2021.[33] In doing so, Plaintiff entered into a valid, unconditional, and enforceable written agreement to arbitrate the claims he purports to bring before this Court.[34] *See Gold v. Deutsche Aktiengesellschaft,* 365 F.3d 144, 148 (2d Cir. 2004); *Feroce v. Bloomingdale's Inc.,* No. 12-CV-5014, 2014 WL 294199, at *6 (E.D.N.Y. Jan. 23, 2014); *DeBono v. Wash. Mut. Bank, No.* 05-CV-10333, 2006 WL 3538938, at *4 (S.D.N.Y. Dec. 8, 2006); *Tarulli v. Circuit City Stores, Inc.,* 333 F. Supp. 2d 151, 158 (S.D.N.Y. 2004) (compelling arbitration where "[t]he Plaintiff voluntarily signed the [arbitration] Agreement and knowingly accepted employment with the Defendant on the express condition that employment-related disputes would be settled through arbitration").

---

[32] *See* Everyrealm Defs.' Mot. Compel Arb., § I(C)(1–3) (filed Feb. 8, 2023).

[33] Ex. 1, Cooke Decl., ¶ 8.

[34] *Id.* Ex. A, p. 5. Plaintiff's acquiesce to arbitration is further reinforced by the final paragraph of the Republic Operations Arbitration Agreement, which states "[i]f you wish to accept this offer, please sign and date the enclosed duplicate original of this Agreement and return it to my attention. By accepting this offer, *you agree to all of the terms of this Agreement* including the terms of the Confidentiality and Invention Assignment Addendum." *Id.* p. 6.

    *a.  The Employment Letter Arbitration Agreement Encompasses the Claims in the Complaint, Which Are Arbitrable*

The Employment Letter Arbitration Agreement provides for "final, conclusive, and binding" arbitration of "any dispute or controversy <u>arising out of or relating to</u> any interpretation, construction, performance or breach of this Agreement."[35] Courts have repeatedly enforced similar arbitration covenants in employment disputes, recognizing that use of the term "relating to," extends beyond the agreement itself, and would include statutory claims of discrimination and retaliation. *See, e.g., Porcelli v. JetSmarter, Inc.*, No. 19-CV-2537, 2019 WL 2371896, at *2 (S.D.N.Y. June 5, 2019) (compelling arbitration where agreement provided for arbitration of "[a]ny claim or dispute between the parties and/or against any agent, employee, successor, or assign of the other, whether related to this Agreement, any of the Terms and Conditions or the relationship or rights or obligations contemplated herein . . . ."); *Kuchinsky v. Curry,* No. 09-CV-00299, 2009 WL 1492225, at **6–7 (S.D.N.Y. May 28, 2009) (compelling arbitration where arbitration agreement provided "[a]ny controversy or claim arising out of or relating to the construction of or application of any terms, provisions, or conditions of this Agreement shall . . . be submitted to arbitration."). As such, the gravamen of Plaintiff's claims—purported discrimination, harassment, and wrongful termination—clearly falls within the scope of this arbitration clause.[36]

    *b.  None of the Claims Asserted by Plaintiff Are Non-Arbitrable*

Congress did not intend for claims under Title VII of the Civil Rights Act of 1964 ("Title VII") (subject to EFA's subsequent modification) or the 1866 Civil Rights Act ("Section 1981") to be non-arbitrable. Claims brought under these statutes are routinely compelled

---

[35] *Id.* Ex. A, p. 5 (emphasis added).

[36] Even assuming, *arguendo*, that the arbitration provision was ambiguous in scope (it is not), any doubt as to the arbitrability of a claim should be resolved in favor of arbitrability. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983) (holding arbitration must be ordered "unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") (emphasis added)).

to arbitration. *See e.g.*, *LeDeatte v. Horizon Media*, 571 F. Supp. 3d 72, 76–77 (S.D.N.Y. 2021) ("[W]e note that courts in this Circuit have repeatedly held that Congress did not intend that Title VII or ADA claims be nonarbitrable."); *Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 89-CV-3749, 1992 WL 245506, at *7 (S.D.N.Y. Sept. 14, 1992) (concluding under Second Circuit precedent that "nothing in Title VII or Section 1981 that would preclude application of the presumption favoring arbitration. Thus, [plaintiff] has failed to meet his burden to show that Congress intended to preclude arbitration of claims of race discrimination.").[37] Therefore, because all of Plaintiff's claims against Republic Operations fall within the scope of the arbitration provision contained in the Employment Letter Arbitration Agreement, this Court should dismiss all of Plaintiff's claims subject to arbitration and instead compel that these claims be heard before the American Arbitration Association (*i.e.*, the arbitral tribunal designated in the Republic Operations Arbitration Agreement).[38]

### 3. In the Alternative, Plaintiff Entered into a Valid and Enforceable Agreement to Arbitrate Under the Everyrealm Arbitration Agreement

In the alternative, if the Court finds that neither the Republic Operations Arbitration Agreement nor Employment Letter Arbitration Agreement apply, Plaintiff's claims are still subject to binding and enforceable arbitration because of the Everyrealm Arbitration Agreement. Per the Court's instruction,[39] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section I(C)(1–3) of the Everyrealm Defendants' Motion.[40] As explained therein, the Everyrealm Arbitration Agreement

---

[37] The fourth and final factor is inapplicable to this Court's consideration as there are no claims against Republic Operations that are left to be stayed. All ten causes of action asserted against Republic Operations arise out of and/or relate to Plaintiff's employment at Republic Operations and/or Everyrealm Inc. and are covered by the Arbitration Agreements.
[38] Ex. 1, Cooke Decl., Ex. A, p. 5.
[39] *See supra* note 25.
[40] *See* Everyrealm Defs.' Mot. Compel Arb., § I(C)(1–3) (filed Feb. 8, 2023).

is valid and enforceable under the FAA, and the scope of this arbitration provision covers all claims asserted by Plaintiff.[41]

### a. Non-Signatories May Enforce Agreements to Arbitrate in the Second Circuit

It is inconsequential that Republic Operations is not a signatory to the Everyrealm Arbitration Agreement. The Second Circuit, and this District, have repeatedly held that non-signatories to an arbitration agreement are afforded the right to arbitration when (1) the plaintiff asserts similar claims against a signatory and non-signatory, and (2) the signatory and non-signatory shared a close relationship. *See e.g.*, *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004) (allowing a non-signatory to compel arbitration and noting that under Second Circuit precedent "[a] party attempting to resist arbitration [is] estopped from doing so [when it has] treated [ ] non-signatory companies and their signatory assignees 'as a single unit' in its complaint in a related lawsuit."); *Camferdam v. Ernst & Young Intern. Inc.*, No. 02-CV-307292, 2004 WL 307292, at *7 (S.D.N.Y. Feb. 13, 2004) (explaining "[i]f this Court were to force the [non-signatory defendants] to engage in litigation on the very same issues that will be arbitrated by the Plaintiffs and the [signatory defendants], the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.") (internal quotations omitted); *Bankers Conseco Life Ins. Co. v. Feuer*, No. 16-CV-7646, 2018 WL 1353279, at *6 (S.D.N.Y. Mar. 15, 2018) (finding that non-signatory defendants could compel arbitration because (1) the plaintiff's claims against the signatory and non-signatory defendants were intertwined, and (2) the plaintiff alleged a close relationship between the signatories and non-signatories).

---

[41] *Id.*

b. *Republic Operations May—Separately—Enforce the Everyrealm Arbitration Agreement*

Here, like the non-signatories in *JLM Industries*, *Camferdam*, and *Bankers*, Republican Operations is entitled to compel arbitration, in the alternative, under the Everyrealm Arbitration Agreement even though it is not a signatory to this agreement.

*First*, the subject-matter of the claims brought against the signatory of the Everyrealm Arbitration Agreement (*i.e.*, Everyrealm Inc.) and the non-signatory (*i.e.*, Republic Operations) are not just intertwined—*the claims asserted against them are facially identical*.[42] *See Bankers*, 2018 WL 1353279, at *7 ("[t]he substantial similarities between the Arbitration Demand served on [the signatory defendant] and the First Amended Complaint served on [the non-signatory defendants] support a finding that the subject matters are inextricably linked.").

*Second*, between November 1, 2021, and January 31, 2022, Republic Operations and Republic Realm Inc. (n/k/a Everyrealm Inc.) jointly employed Plaintiff; and, as part of this relationship, Republic Operations provided payroll and benefit services to Republic Realm Inc. *vis-à-vis* Plaintiff. As a matter of law, this is a sufficiently close relationship to afford Republic Operations the right to—separately—avail itself of the right to arbitrate under the Everyrealm Arbitration Agreement. *See, e.g.*, *Ross v. Am. Express Co.*, 547 F.3d 137, 144 (2d Cir. 2008) (finding that a sufficiently close relationship exists when the non-signatory has a "corporate relationship to a signatory party."); *Medidata Sols., Inc. v. Veeva Sys., Inc.,* 748 Fed. App'x 363, 363–64 (2d Cir. 2018) (finding a sufficiently close relationship when "the plaintiffs themselves treated the signatory and non-signatory corporate affiliates as at least somewhat interchangeable with respect to the plaintiffs' rights and responsibilities under the relevant contract.").

---

[42] *See* Pl.'s Orig. Compl., ¶¶ 99–155 [ECF 1] (Causes of Action One through Ten).

As such, Republic Operations has standing to separately enforce the Everyrealm Arbitration Agreement; and, in the alternative, joins the Everyrealm Defendants' Motion to Compel Arbitration under the Everyrealm Arbitration Agreement.

## C.  EFA Does Not Apply to Plaintiff's Claims Against Republic Operations

### 1. Under U.S. Supreme Court Precedent—and Indulging Every Inference in Plaintiff's Favor—the Last Possible Date that Plaintiff's Sexual Harassment Claim Arose or Accrued Was Still <u>Before</u> EFA's Effective Date

Per the Court's instruction,[43] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section I(A) of the Everyrealm Defendants' Motion. [44] As explained therein, EFA has no application in this action because (1) Plaintiff swore under penalty of perjury that he was last subjected to discrimination on March 1, 2022; (2) under U.S. Supreme Court precedent, Plaintiff's purported constructive discharge claim arose and accrued on March 1, 2022—*before* EFA's effective date;[45] and (3) Plaintiff has not (and cannot) identify any actionable sexual harassment on or after March 3, 2022 (EFA's effective date).[46]

### 2. Even if Plaintiff's Constructive Discharge Claim Triggered EFA—It Doesn't—It Still Does Not Apply to Republic Operations Because Their Employment Relationship Ended Well Before EFA's Effective Date

Even assuming, *arguendo*, that Plaintiff could identify a covered EFA claim that arose or accrued on or after March 3, 2022 (he cannot), this would still not impact Plaintiff's claims against Republic Operations. Claims brought under Title VII require an employment relationship between the plaintiff and defendant.[47] While Republic Operations initially employed Plaintiff, this ended

---

[43] *See supra* note 25.
[44] *See* Everyrealm Defs.' Mot. Compel Arb., § I(A) (filed Feb. 8, 2023).
[45] In *Green v. Brennan*, the U.S. Supreme Court unequivocally held that a constructive discharge claim accrues when the plaintiff gives notice of his resignation.[45] 578 U.S. 547, 564 (2016) ("A constructive-discharge claim accrues . . . when the employee gives notice of his resignation, not on the effective date of that resignation.") (emphasis added)).
[46] *See* Everyrealm Defs.' Mot. Compel Arb., § I(A) (filed Feb. 8, 2023).
[47] 42 U.S.C. § 2000e-2 (Title VII; prohibiting unlawful discriminatory practice by "employer").

on January 31, 2022—well before EFA went into effect.[48] Furthermore, as discussed in Republic Operations' concurrently filed Motion to Dismiss Plaintiff's Sexual Harassment and Related Claims, Plaintiff has failed to properly plead any direct or indirect employment relationship with Republic Operations on or after February 1, 2022 (nor can he).[49] Stated differently, there is no actionable sexual harassment or related claim against Republic Operations for Plaintiff to rely on that would have arose or accrued on or after March 3, 2022.

>   3.  ***Even if Plaintiff Could Identify Sexual Harassment Claims that Arose or Accrued After EFA's Effective Date <u>and</u> An Ongoing Employment Relationship with Republic Operations, If Such Claims Are Dismissed Under Rule 12(b)(6), EFA will Still Not Apply***

Even if Plaintiff could identify sexual harassment that allegedly occurred on or after March 3, 2022, *<u>and</u>* an ongoing direct or indirect employment relationship with Republic Operations (neither of which he has done), that is not the end of the analysis. Republic Operations has concurrently filed a Motion to Dismiss Plaintiff's Sexual Harassment and Related Claims.[50] If such claims are dismissed under FED. R. CIV. P. 12(b)(6), EFA would still not apply. Indeed, this is consistent with U.S. Senator Ernst's comments on the Senate floor prior to the enactment of EFA: "If an employment agreement contains a predispute arbitration clause and a sexual assault or harassment claim is brought forward in conjunction with another employment claim and the assault or harassment claim is later dismissed, a court should remand the other claim back to the arbitration system under this bill." 168 Cong. Rec. S626 (daily ed. Feb. 10, 2022) (statement of Sen. Joni Ernst).

---

[48] Ex. 1, Cooke Decl., ¶¶ 4, 14.
[49] *See* Def. Republic Ops. Mot. Dismiss., § C (filed Feb. 8, 2023).
[50] *See generally* Def. Republic Ops. Mot. Dismiss (filed February 8, 2023).

87418164.10

**D. In the Alternative, Any Claims that Are Subject to EFA Should Be Stayed Pending Arbitration of All other Claims**

Per the Court's instruction,[51] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section I(C)(3) of the Everyrealm Defendants' Motion.[52] As addressed therein, any claims that are subject to EFA should be stayed pending arbitration of all other claims.[53]

## IV.
## CONCLUSION

WHEREFORE, Republic Operations respectfully requests that the Court:

(a) Dismiss Plaintiff's claims against it and compel arbitration under the Republic Operations Arbitration Agreement; or, in the alternative, under the Employment Letter Arbitration Agreement; or, in the alternative, under Everyrealm Arbitration Agreement;

(b) In the alternative, stay any claims that are subject to EFA, pending the arbitration of all arbitrable claims; and

(c) grant it all other relief, in both law and equity, that the Court deems just and proper.

---

[51] *See supra* note 25.
[52] *See* Everyrealm Defs.' Mot. Compel Arb., § I(C)(3) (filed Feb. 8, 2023).
[53] *Id.*

– 18 –

Dated: February 8, 2023
Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Jason T. Weber*
**Jason T. Weber,** ***Lead Counsel***
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*