UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GATSBY FRIMPONG,<br><br>             *Plaintiff,*<br><br>      -against-<br><br>EVERYREALM INC., REPUBLIC COMPOUND LLC, d/b/a REPUBLIC REAL ESTATE, REPUBLIC OPERATIONS LLC d/b/a REPUBLIC, OPENDEAL INC., d/b/a REPUBLIC, OPENDEAL PORTAL LLC, d/b/a REPUBLIC, JESSE YORIO in her individual and professional capacities, JANINE YORIO in his individual and professional capacities,<br><br>             *Defendants.* | Case No. 1:22-CV-10487 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
REPUBLIC OPERATIONS LLC'S MOTION TO DISMISS
<u>PLAINTIFF'S SEXUAL HARASSMENT AND RELATED CLAIMS</u>**

**POLSINELLI PC**
**Jason T. Weber,** *Lead Counsel*
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*

88115127.2

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. RELEVANT ALLEGATIONS .................................................................................................. 4

III. ARGUMENT & AUTHORITIES ............................................................................................. 5

   A. Controlling Standard of Review ........................................................................................ 5

   B. Plaintiff's Impermissible Group Pleading Should Be Rejected .......................................... 6

   C. Plaintiff Fails to State a Viable Title VII Claim Against Republic Operations *Vis-à-Vis* Any Alleged Sexual Harassment or Related Claims that Arose or Accrued On or After February 1, 2022 ................................................................................................. 8

     1. Plaintiff Has Not Pled Any Facts that Would Support a Direct Employer-Employee Relationship with Republic Operations on or After February 1, 2022 ............................ 8

     2. Plaintiff Has Not Pled Any Facts that Would Support a Single Employer Relationship Between Republic Operations and Everyrealm Inc. on or After February 1, 2022 ....... 10

     3. Plaintiff Has Not Pled Any Facts that Would Support a Joint Employer Relationship Between Republic Operations and Everyrealm Inc. on or After February 1, 2022 ....... 13

     4. Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Claim for Sexual Harassment Under Title VII ............................................................................... 15

IV. CONCLUSION ........................................................................................................................ 15

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arculeo v. On-Site Sales & Mktg., LLC*,
    425 F.3d 193 (2d Cir. 2005) ............................................................................................... 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 6

*Brower-Coad v. Fundamental Brokers, Inc.*,
    856 F. Supp. 147 (S.D.N.Y. 1993) ..................................................................................... 10

*Brown v. Daikin Am. Inc.*,
    756 F.3d 219 (2d Cir. 2014) ............................................................................................... 11

*Coley v. Vanguard Urban Improvement Ass'n, Inc.*,
    No. 12-CV-5565, 2016 WL 4179942 (E.D.N.Y. Aug. 5, 2016) ........................................ 10

*Couch v. New York Daily News Co.*,
    No. 19-CV-5903, 2021 WL 7448476 (E.D.N.Y. Mar. 23, 2021) ...................................... 14

*Dewey v. PTT Telecom Netherlands, U.S., Inc.*,
    No. 94-CV-5983, 1995 WL 425005 (S.D.N.Y. Sept. 12, 1995) .................................. 10, 11

*Felder v. U.S Tennis Ass'n*,
    27 F.4th 834 (2d Cir. 2022) ................................................................................................ 13

*Fenner v. News Corp.*,
    No. 09-CV-09832, 2013 WL 6244156 (S.D.N.Y. Dec. 2, 2013) ....................................... 11

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ................................................................................................... 6

*Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*,
    382 F. Supp. 3d 302 (S.D.N.Y. 2019) .................................................................................. 8

*Keawsri v. Ramen-Ya Inc.*,
    No. 17-CV-2406, 2021 WL 3540671 (S.D.N.Y. Aug. 10, 2021) ......................................... 8

*Kiarie v. Dumbstruck, Inc.*,
    473 F. Supp. 3d 350 (S.D.N.Y. 2020) .................................................................................. 8

*Mayor & City Council of Bal. v. Citigroup, Inc.*,
  709 F.3d 129 (2d Cir. 2013)..................................................................................................5

*Munson v. Diamond*,
  No. 15-CV-425, 2017 WL 4863096 (S.D.N.Y. June 1, 2017), *report and recommendation adopted*, 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017) ...............................14

*Pastor v. P'ship for Children's Rights*,
  No. 10-CV-5167, 2012 WL 4503415 (E.D.N.Y. Sept. 28, 2012), *aff'd*, 538 Fed. App'x 119 (2d Cir. 2013).................................................................................................8

*Perez v. Int'l Bhd. of Teamsters, AFL-CIO*,
  No. 00-CV-1983, 2002 WL 31027580 (S.D.N.Y. Sept. 11, 2002)..........................................10

*Popat v. Levy*,
  328 F. Supp. 3d 106 (W.D.N.Y. 2018) ...................................................................................8

*Postell v. Fallsburg Libr.*,
  No. 20-CV-03991, 2022 WL 1092857 (S.D.N.Y. Apr. 8, 2022) ............................................9

*Rivers v. Int'l House of Pancakes*,
  No. 20-CV-2471, 2021 WL 860590 (Mar. 8, 2021)............................................................9, 10

*Schade v. Coty, Inc.*,
  No. 00-CV-1568, 2001 WL 709258 (S.D.N.Y. June 25, 2001) .............................................12

*Turley v. ISG Lackawanna, Inc.*,
  774 F.3d 140 (2nd Cir. 2014)..................................................................................................10

*Urena v. Swiss Post Sols., Inc.*,
  No. 16-CV-1998, 2016 WL 5173389 (S.D.N.Y. Sept. 21, 2016)...........................................13

**Statutes**

Title VII of the Civil Rights Act of 1964............................................................................. *passim*

The 1866 Civil Rights Act ...............................................................................................................1

New York Labor Law ......................................................................................................................1

**Other Authorities**

FED. R. CIV. P. 10...................................................................................................................6, 15

FED. R. CIV. P. 11........................................................................................................................9

FED. R. CIV. P. 12 ............................................................................................................. *passim*

FED. R. EVID. 201.........................................................................................................................1

# I.
# PRELIMINARY STATEMENT

Defendant Republic Operations LLC ("Republic Operations"), by and through its counsel, respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Sexual Harassment and Related Claims (the "Motion")—seeking the limited dismissal of any purported sexual harassment or related claims (*e.g.*, constructive discharge) that arose or accrued on or after February 1, 2022—pursuant to Fed. R. Civ. P. 12(b)(6).[1]

This case—like the other lawsuits that Plaintiff's counsel is concurrently pursuing against the same collection of defendants[2]—is a smear campaign and shakedown, masked as a wrongful termination/discrimination lawsuit. Plaintiff's live pleading generically asserts ten causes of action against "all [five] corporate defendants," including Republic Operations.[3] This is comprised of (1) seven statutory discrimination/wrongful termination claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"),[4] the 1866 Civil Rights Act ("Section 1981"),[5] and the New York Labor Law Equal Pay Act ("NYLL");[6] (2) a common law claim for intentional infliction of emotional distress ("IIED");[7] and (3) common law defamation claims.[8]

---

[1] This Motion, which includes Republic Operation's Memorandum of Law in support thereof, and all such pleadings filed hereafter are strictly conditioned upon, without waiver to, and subject to Republic Operation's previously filed Motion to Compel Arbitration (filed February 8, 2023), and Republic Operations further reserves the right to seek the dismissal under, *inter alia*, Fed. R. Civ. P. 12(b)(6), of all remaining claims pled by Plaintiff, should the Court decline to compel arbitration.

[2] Pursuant to Fed. R. Evid. 201, Republic Operations respectfully requests that this Court take judicial notice of Civil Action No. 1:22-CV-06549-PAE, *Yost v. Everyrealm Inc., et al.* (S.D.N.Y.) and Civil Action No. 1:22-CV-06669-PAE, *Johnson v. Everyrealm Inc.* (S.D.N.Y.) (while plaintiff, Johnson, originally brought suit against Republic Operations LLC and the Non-Employer Defendants, Johnson has since abandoned claims against these defendants). The *Johnson* lawsuit is also referenced in Plaintiff's Complaint. *See* Pl.'s Compl. ¶ 75 [ECF 1].

[3] *See* Pl.'s Compl., ¶¶ 99–155 (First Cause of Action to Tenth Cause of Action) [ECF 1].

[4] *See id.* at ¶¶ 99–104, 117–26 (First, Fourth, and Fifth Causes of Action).

[5] *See id.* at ¶¶ 112–16 (Third Cause of Action).

[6] *See id.* at ¶¶ 105–11, 127–37 (Second, Sixth, and Seventh Causes of Action).

[7] *See id.* at ¶¶ 138–42 (Eighth Cause of Action).

[8] *See id.* at ¶¶ 143–55 (Ninth and Tenth Causes of Action).

Despite filing a 155-paragraph lawsuit against seven defendants, Plaintiff fails to expressly identify any purported discriminatory acts or statements that are directly attributed to Republic Operations. Instead, Plaintiff engages is the same impermissible group pleading that plagues the companion lawsuits that were brought by Plaintiff's counsel in *Yost* and *Johnson*.[9]

Without any additional detail, Plaintiff generically frames Republic Operations (and other corporate defendants) as his "'employer' or 'covered employer' under all applicable statutes."[10] Plaintiff then groups all corporate Defendants into Plaintiff's ill-defined—and purposefully ambiguous—terms "Republic" and "Everyrealm." In doing so, Plaintiff has engaged in impermissible group pleading, which has repeatedly been rejected by the Second Circuit and courts sitting in this District. Plaintiff's sexual harassment and related claims (under Title VII) against Republic Operations should be dismissed on this pleading defect alone.

Separately, as pled against Republic Operations, to the extent Plaintiff's sexual harassment or related claims (*e.g.*, constructive discharge) under Title VII arose or accrued on or after February 1, 2022, they have no basis in law and should be dismissed under FED. R. CIV. P. 12(b)(6) for the following reasons:

- *First*, the sexual harassment and wrongful termination claims brought under Title VII require an employment relationship between the plaintiff and defendant. Threadbare recitals of an employer-employee relationship (*e.g.*, summarily labeling a collection of corporate defendants as the "employer" as Plaintiff has done) are not sufficient. Plaintiff has failed to properly plead any direct employer-employee relationship with Republic Operations on or after February 1, 2022.

---

[9] *See supra* note 2.
[10] *See id*. at ¶¶ 1–18.

– 2 –

88115127.2

- *Second*, Plaintiff has similarly failed to sufficiently plead any alternative theories of an indirect employment relationship that would impute liability on Republic Operations *vis-à-vis* any sexual harassment claims or related claims (*e.g.*, constructive discharge) under Title VII that arose or accrued on or after February 1, 2022. In this vein, Plaintiff does not allege that on or after February 1, 2022 (1) the alleged harassers/perpetrators were directly employed by Republic Operations; or (2) that Republic Operations had any right to control the terms or conditions of his employment or compensation.

- *Third*, Plaintiff's purported sexual harassment/hostile work environment assertions are facially implausible and legally insufficient to support such claims under Title VII. Plaintiff acknowledges that he worked from London, England for the entirety of his employment with Defendant Everyrealm Inc.[11] He never visited any offices of Republic Operations (or any other office for that matter) and he has failed to allege conduct satisfying Title VII's severe and pervasive standard.

In short, Plaintiff's Complaint fails to (1) adequately allege a direct or indirect employment relationship with the Non-Employer Defendants to support any sexual harassment or related claims (*e.g.*, constructive discharge) that arose or accrued on or after February 1, 2022; or (2) articulate facts, which, if taken as true, demonstrate any viable sexual harassment/hostile work environment claim under Title VII arising out of conduct that allegedly occurred on or after February 1, 2022. Therefore, Plaintiff's sexual harassment and related claims against Republic Operations should be dismissed in their entirety under FED. R. CIV. P. 12(b)(6) without leave to amend, and all remaining claims against Republic Operations should be compelled to arbitration, as requested in Republic Operations' previously filed Motion to Compel Arbitration (filed February 8, 2023).

---

[11] *See id*. at ¶ 54.

## II.
## RELEVANT ALLEGATIONS

Despite spanning 31 pages and 155 paragraphs, Plaintiff's Complaint fails to allege <u>any</u> facts addressing his purported "employment" relationship with Republic Operations on or after February 1, 2022. Plaintiff only mentions Republic Operations in 5 of the 155 paragraphs of the Complaint. Worse, three of these paragraphs—paragraphs 1, 13, and 14—relate to the perfunctory act of merely identifying Republic Operations and/or lump Republic Operations into Plaintiff's global definitions of "Everyrealm" and "Republic." All five of these paragraphs lack any factual allegations supporting an employment relationship between Plaintiff and Republic Operations on or after February 1, 2022.

Instead, they simply make self-serving *ipse dixit* conclusions that Republic Operations is an "employer" or "covered employer" "at all relevant times."[12] As shown below, all five of these paragraphs lack any factual allegations relating to the alleged wrongdoing of Republic Operations:

(1) **Paragraph 1, Footnote 1** – "'Everyrealm' includes reference to Everyrealm Inc., Republic Compound LLC d/b/a Republic Real Estate, <u>Republic Operations LLC</u> d/b/a Republic, OpenDeal Inc. d/b/a Republic, OpenDeal Portal LLC d/b/a Republic where relevant herein."[13]

(2) **Paragraph 13** – "Defendant Republic, an alternative asset crowdfunding company and a Delaware Corporation, was Everyrealm's parent company at times relevant herein. Republic and Everyrealm were co-employers of Mr. Frimpong. Republic may be a trade name of Defendants <u>Republic Operations LLC</u>, OpenDeal Inc., and OpenDeal Portal LLC, *inter alia*. At all relevant times, Republic met the definition of an 'employer' or 'covered employer' under all applicable statutes. *<u>Any use of 'Republic' in this complaint includes reference to Defendants Republic, Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC</u>*. Defendant Republic and or/its entities used the same JustWorks employee management account as Everyrealm and its predecessor entities did, Everyrealm's CEO worked at both companies during Mr. Frimpong's tenure, and Everyrealm's senior executive team held dual roles at Everyrealm and Republic."[14]

---

[12] *See e.g.*, *id.* at ¶ 14.
[13] *Id.* at ¶ 1 n.1 (emphasis added).
[14] *Id.* at ¶ 13 (emphasis added).

– 4 –

– 5 –

(3) **Paragraph 14** – "Defendant Republic Operations LLC is a Delaware Limited Liability Corporation that upon information and belief operates under the trade name Republic. At all relevant times, Republic Operations LLC met the definition of an 'employer' or 'covered employer' under all applicable statutes."[15]

(4) **Paragraph 40** – "Republic Realm Inc. employed Mr. Frimpong 'through its affiliate, Republic Operations LLC,' which does business as Republic. Republic Operations LLC shares the same address as other entities doing business as Republic, including the Republic Address listed on Mr. Frimpong's Employment Agreement Letter. This is further evidence that Republic Realm Inc, n/k/a Everyrealm Inc. and Republic were the same company."[16]

(5) **Paragraph 41** – "Mr. Frimpong had a Profit Interest Award Agreement between himself, Republic Realm, Inc., and Republic Operations LLC, which he was unlawfully deprived of."[17]

Importantly, Plaintiff has not alleged that Republic Operations exerted control over his job responsibilities, working conditions, hiring, and/or rate of pay—elements indicative of an employment relationship—on or after February 1, 2022. Similarly, Plaintiff has not alleged that Republic Operations exerted control over job responsibilities, working conditions, hiring, and/or rate of pay for any of the decision-makers or alleged harassers/tortfeasors that he has identified in this lawsuit on or after February 1, 2022. Stated differently, Plaintiff does not allege any specific factual allegations as to Republic Operations to inform it, or the Court, of what he believes Republic Operations has done that would justify any sexual harassment or related claims being pursued against it under Title VII for events that occurred on or after February 1, 2022.

## III.
## ARGUMENT & AUTHORITIES

A. **Controlling Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Mayor & City Council of Bal. v. Citigroup, Inc.*, 709

---

[15] *Id.* at ¶ 14 (emphasis added).
[16] *Id.* at ¶ 40 (emphasis added).
[17] *Id.* at ¶ 41 (emphasis added).

F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[;]"[18] and, state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Second Circuit has explained that, after *Twombly*, a court's inquiry under Rule 12(b)(6) is guided by two principles: "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 663) (internal quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64) (internal quotations omitted). The Court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory.

**B. Plaintiff's Impermissible Group Pleading Should Be Rejected**

Per the Court's instruction,[19] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Section III(B) of the Memorandum of Law in Support of Defendants OpenDeal Inc. and OpenDeal Portal LLC's Motion to Dismiss Plaintiff's Original Complaint (filed February 8, 2023) (the "Non-

---

[18] *Twombly*, 550 U.S. at 555 (internal citations omitted).
[19] *See* Hearing Tr., p. 29:8–13 (Jan. 24, 2023) ("Since there are going to be multiple defendants moving, I would ask that to the extent there's an argument that Mr. Weber's clients are joining in essentially, that they just do that and adopt it and not set up a similar argument, so we don't have multiple same points.").

– 6 –

88115127.2

– 7 –

Employer Defendants' Motion"). As briefed therein, Plaintiff has engaged in impermissible group pleading, which has repeatedly been rejected by the Second Circuit and courts sitting in this District. Worse, Plaintiff's impermissible group pleading is not limited to Defendants OpenDeal Inc. and OpenDeal Portal LLC (collectively, the "Non-Employer Defendants")—it also extends to Republic Operations.

For example, Plaintiff fails to identify *any* actions taken by Republic Operations that form the basis of any claims that arose or accrued on or after February 1, 2022—or *any* facts that establish an employment relationship with Republic Operations on or after February 1, 2022. In fact, the Complaint is replete with group pleading stacked on top of further group pleading. For example, Plaintiff attempts to combine numerous entities as "Republic" and then groups the "Republic" entities into "Everyrealm"—which is also a combination of various other additional entities.[20] Plaintiff then repeatedly uses the terms "Republic" and "Everyrealm" throughout his Complaint, often without differentiating between the five different entities that allegedly form these "super entities," and never specifies any actions taken by Republic Operations on or after February 1, 2022. Plaintiff's sexual harassment and related claims under Title VII against Republic Operations should be dismissed on this pleading defect alone

---

[20] *See, e.g.*, Pl.'s Compl., ¶¶ 1 n.1, 13 [ECF 1].

**C. Plaintiff Fails to State a Viable Title VII Claim Against Republic Operations *Vis-à-Vis* Any Alleged Sexual Harassment or Related Claims that Arose or Accrued On or After February 1, 2022**

To prevail on his statutory claims under Title VII, Plaintiff must allege and prove that Republic Operations was his employer at the time of the alleged acts giving rise to his claims.[21] Generally, Title VII requires the plaintiff establish that the defendant controlled his employment.[22]

**1. Plaintiff Has Not Pled Any Facts that Would Support a Direct Employer-Employee Relationship with Republic Operations on or After February 1, 2022**

Plaintiff alleges that he was directly employed by Defendants Everyrealm Inc. and Republic Operations but fails to specify *when* he was employed by each of these respective entities.[23] To the extent that Plaintiff claims his generic assertion "[a]t all relevant times"[24] suggests he was employed by Republic Operations for the entirety of his employment with Everyrealm Inc., simply alleging that Republic Operations was his "employer"—with nothing more—is insufficient to establish an employment relationship and survive a motion to dismiss. *See, e.g.*, *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2021 WL 3540671, *13 (S.D.N.Y. Aug. 10, 2021) (holding that the assertion "[Defendant] was an employer of employees . . . is not a statement of fact but a conclusion of law."); *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 354 (S.D.N.Y. 2020) (holding that simply stating the defendant is an "employer" is a legal conclusion); *see also Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, 382 F. Supp. 3d 302, 307 (S.D.N.Y. 2019) (recognizing legal conclusions, unsupported by factual assertions, are insufficient to avoid dismissal under Rule 12(b)(6)).

---

[21] 42 U.S.C. § 2000e-2 (Title VII; prohibiting unlawful discriminatory practice by "employer"); *Pastor v. P'ship for Children's Rights*, No. 10-CV-5167, 2012 WL 4503415, at *4 (E.D.N.Y. Sept. 28, 2012), *aff'd*, 538 Fed. App'x 119 (2d Cir. 2013) (dismissing the plaintiff's Tittle VII claims; "Children's Rights was not an 'employer' within the meaning of Title VII . . . at the time of the discriminatory acts alleged in the plaintiff's complaint").
[22] *See e.g.*, *Popat v. Levy*, 328 F. Supp. 3d 106, 124–25 (W.D.N.Y. 2018) (explaining what constitutes an "employer" under Title VII).
[23] *See* Pl.'s. Compl., ¶¶ 13, 29, 40 [ECF 1].
[24] *See id.* at ¶ 13.

– 8 –

Furthermore, Plaintiff cannot credibly take the position that his usage of the terms "Everyrealm" or "Republic" (both of which he has defined to include Republic Operations) does indeed include Republic Operations. If he does, it raises a host of concerns under Rule 11.[25] For example, Plaintiff alleges that "Defendant Janine Yorio is a member of Everyrealm's Board of Directors and its CEO."[26] If Plaintiff insists that his references to "Everyrealm" include all corporate entities identified in his global definition of this term, it begs the question: what is Plaintiff's good faith factual and legal basis for representing to this Court that Janine Yorio ("Yorio") is a Board Member and CEO of OpenDeal Inc., OpenDeal Portal LLC, and Republic Operations? Numerous other Rule 11 pleading dilemmas will arise for Plaintiff if he takes this path. Simply put, Plaintiff cannot have it both ways.

Plaintiff cannot credibly contend that he has asserted a direct employer-employee relationship between himself and Republic Operations *after* January 31, 2022. Thus, in order to pursue a facially actionable statutory claim against Republic Operations for any Title VII claims that arose or accrued on or after February 1, 2022, Plaintiff must attempt to allege that Republic Operations is (1) a single employer with Everyrealm Inc.; or (2) a joint employer with Everyrealm Inc.[27] Plaintiff similarly fails to allege facts supporting a claim under either of these theories for the limited timeframe that is the subject of this Motion (*i.e.*, on or after February 1, 2022).

---

[25] *See* FED. R. CIV. P. 11(b) ("By presenting to the court a pleading . . . an attorney . . .certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

[26] *See* Pl.'s Compl., ¶ 17 [ECF 1].

[27] *See Postell v. Fallsburg Libr.*, No. 20-CV-03991, 2022 WL 1092857, *6–7 (S.D.N.Y. Apr. 8, 2022) (applying the single employer analysis to Title VII); *Rivers v. Int'l House of Pancakes,* No. 20-CV-2471, 2021 WL 860590, at *2–3 (Mar. 8, 2021) (applying the joint employer analysis to both the ADA and Title VII simultaneously).

### 2. Plaintiff Has Not Pled Any Facts that Would Support a Single Employer Relationship Between Republic Operations and Everyrealm Inc. on or After February 1, 2022

Plaintiff fails to sufficiently plead that Republic Operations is a single employer with Everyrealm Inc. on or after February 1, 2022.[28] "Courts do not readily find that related entities are single employers in discrimination cases." *Dewey v. PTT Telecom Netherlands, U.S., Inc.*, No. 94-CV-5983, 1995 WL 425005, at *2 (S.D.N.Y. Sept. 12, 1995) (citation omitted). In this Circuit, four factors determine whether two entities can be treated as a single employer for purposes of finding shared liability for the employment acts of one entity: (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. *See, e.g.*, *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155 n.13 (2nd Cir. 2014); *Brower-Coad v. Fundamental Brokers, Inc.*, 856 F. Supp. 147, 150 n.6 (S.D.N.Y. 1993); *Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2016 WL 4179942, at *5 (E.D.N.Y. Aug. 5, 2016); *Rivers,* 2021 WL 860590, at *2–3. The most important factor is the degree of centralized control of labor relations, and the critical question is: "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" *See, e.g.*, *Perez v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 00-CV-1983, 2002 WL 31027580, at *3 (S.D.N.Y. Sept. 11, 2002) (internal citation omitted).

Indulging every inference in Plaintiff's favor, Republic Operations speculates that Plaintiff may identify three generic assertions as relevant to this four-factor test. None of these assertions, even if taken as true, would establish a single employer relationship:

---

[28] Plaintiff devotes a single sentence to the assertion "numerous public statements, LinkedIn articles, and tweets confirm that Republic and Everyrealm/Republic Realm were direct employers of Mr. Frimpong, or in the alternative were either a single employer or joint employers. Pl.'s Compl., ¶ 39 [ECF 1]. This allegation is conclusory, it fails to even expressly address Republic Operations, and the excerpted LinkedIn articles and tweets are similarly devoid of any reference to or facial relevance to Republic Operations on or after February 1, 2022. *See id.* at ¶¶ 33, 37–38.

- Allegation 1 – Plaintiff alleges "Republic" (which includes Republic Operations Defendants based on its expansive definition) was the parent company of "Everyrealm."[29] This threadbare—and nonsensical—recital, which is not even directly pled against Republic Operations (and would also be factually incorrect), is unavailing because "[t]here is a strong presumption that a parent is not the employer of its subsidiary's employees."[30]

- Allegation 2 – Plaintiff alleges that Everyrealm's board of directors are related to Republic.[31] Specifically, Plaintiff identifies Mr. Andrew Durgee as someone who is on the board of directors at both "Republic" and "Everyrealm" and Julia Schwartz who is allegedly on the board of directors at "Everyrealm" and an executive at "Republic." Again, these allegations—*even if they were true* (meaning they are concurrently on the board of Everyrealm Inc., Republic Operations, OpenDeal Inc. *and* OpenDeal Portal LLC)—are insufficient to establish a single employer relationship.[32]

- Allegation 3 – Plaintiff alleges that "it appears all Everyrealm employees received their paychecks from a Republic owned and maintained bank account throughout Mr. Frimpong's tenure at Republic and Everyrealm."[33] Tabling the fact that this statement is categorically false, there remain zero allegations that articulate how a "Republic owned and maintained bank account" is linked to—or controlled by— Republic Operations on or after February 1, 2022. Plaintiff cannot, in good faith, claim

---

[29] *See* Pl.'s Compl., ¶¶ 1 n.1, 13 [ECF 1].
[30] *Fenner v. News Corp.*, No. 09-CV-09832, 2013 WL 6244156, at *9 (S.D.N.Y. Dec. 2, 2013).
[31] *See* Pl.'s Compl., at ¶ 11 [ECF 1].
[32] *Fenner*, 2013 WL 6244156, at *9 ("the fact that the Chairman of the Board of one company was Chairman of a separate company, without more, does not show that the second company was integrated with the first"); *Dewey*, 1995 WL 425005, at *2 (no centralized control where parent's employee served on the board of the subsidiary where there was no allegation that he acted against his position as subsidiary's board member).
[33] *See* Pl.'s Compl., at ¶ 31 [ECF 1].

that multiple entities simultaneously owned and controlled this referenced bank account.[34]

Beyond these conclusory—and incomplete—allegations, Plaintiff does not address any of the four factors. This defect is even more pronounced when one examines what is required to develop these factors. For example, when analyzing the interrelation of operations between two companies, courts consider the following factors: (1) whether the parent was involved in the subsidiary's daily decisions relating to production, distribution, marketing, and advertising; (2) whether the two entities shared employees, services, records, and equipment; (3) whether the entities commingled bank accounts, accounts receivable, inventories, and credit lines; (4) whether the parent maintained the subsidiary's books; (5) whether the parent issued the subsidiary's paychecks; and (6) whether the parent prepared and filed the subsidiary's tax returns. *See e.g.*, *Schade*, 2001 WL 709258, at *7.[35] Aside from claiming "it appears" the Defendants shared a bank account (*an allegation Plaintiff knows is false*), Plaintiff fails to assert any facts that support the interrelated operations factor. Therefore, Plaintiff fails to establish a plausible claim of single employer liability on or after February 1, 2022 in his Complaint *vis-à-vis* Republic Operations.

---

[34] In addition, being paid from a joint bank account is only one of several sub-factors used to determine whether companies share "interrelated operations"—which itself is only one of four elements in the single employer analysis. *See e.g.*, *Schade v. Coty, Inc.*, No. 00-CV-1568, 2001 WL 709258, at *7 (S.D.N.Y. June 25, 2001). Accordingly, this allegation fails to establish a joint employer relationship. *See e.g.*, *Brown v. Daikin Am. Inc.,* 756 F.3d 219, 227 (2d Cir. 2014) (noting control of labor relations is the central concern and that "no one factor is determinative").

[35] In weighing the existence of centralized control of labor relations, the "relevant factors include whether the subsidiary has a separate human resource department, whether the subsidiary 'establishes its own policies and makes its own decisions as to the hiring, discipline, and termination of its employees,' whether employment applications are sent to the parent, whether the subsidiary must clear all major employment decisions with the parent, and whether the parent routinely shifts employees between the two companies." *Schade*, 2001 WL 709258, at *8 (internal citations omitted).

### 3. Plaintiff Has Not Pled Any Facts that Would Support a Joint Employer Relationship Between Republic Operations and Everyrealm Inc. on or After February 1, 2022

Plaintiff has also not properly pled that Republic Operations is a joint employer with Everyrealm Inc. on or after February 1, 2022.[36] In contrast to the single employer theory, a joint employer relationship assumes that the employers are two separate entities, but that they handle certain aspects of the employment relationship jointly. *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). "Where this doctrine is operative, an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." *Id.*

In this Circuit, "[t]o determine whether an entity can be considered a joint employer, courts evaluate whether the alleged [joint] employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Urena v. Swiss Post Sols., Inc.*, No. 16-CV-1998, 2016 WL 5173389, at *4 (S.D.N.Y. Sept. 21, 2016) (internal quotations omitted).[37] An "essential element" in this inquiry is whether there is "sufficient evidence of immediate control over the employees." *Id.* (citation omitted).

Here, Plaintiff fails to allege any facts supporting a claim that *after* January 31, 2022, Republic Operations had the authority to hire and fire Everyrealm Inc. employees, the authority to supervise or control the work schedules or conditions of Everyrealm Inc. employees, the authority

---

[36] *See supra* note 28.
[37] *See also Felder v. U.S Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) ("[T]oday we join our sister Circuits in concluding that non-exhaustive factors drawn from the common law of agency, including control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll, are relevant to this [joint employer] inquiry.").

to determine the compensation of Everyrealm Inc. employees, or the authority to maintain Everyrealm Inc.'s employment records.

In a similar scenario (where the plaintiff globally referenced all "defendants" as the "employer" with no supporting allegations), the U.S. Eastern District of New York dismissed the Plaintiff's employment and discrimination claims for failure to properly plead a single or joint employer theory:

> To begin and, for all intents and purposes, literally to end review, Couch and Wilkins have failed to plead that the Tribune is liable under either the single or joint employer theory. The complaint refers throughout to "defendants," but its only mentions of the Tribune specifically are allegations that the Tribune conducts business in New York and "is an employer" within the meaning of relevant statutes, . . . and that plaintiffs "are employed by the Daily News and Tribune as Truckdrivers[.]" These sparse, conclusory allegations are insufficient to allege an employer-employee relationship with the Tribune. They do not permit the Court to examine the four *Cook* factors required for single employer liability, nor the commonality of control required for joint employer liability. *See, e.g.*, *Pottash v. Hello Living, LLC*, No. 19-CV-4530 (RPK) (SJB), 2021 WL 375341, at *4 (E.D.N.Y. Feb. 2, 2021) (finding plaintiff's "bare-bones allegations are insufficient—even at the pleading stage—to infer that the [defendants] should be treated as a single employer"); *Munson v. Diamond*, No. 15-CV-425 (DAB) (BCM), 2017 WL 4863096, at *5 (S.D.N.Y. June 1, 2017), *report and recommendation adopted*, 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017) (dismissing defendant where complaint "fails to address, much less establish, any of the four *Cook* factors" and "contains no allegations concerning any of the indicia of control required before the joint employer doctrine may be applied").[8] Plaintiffs' employment discrimination and retaliation claims against the Tribune are, therefore, dismissed.

*Couch v. New York Daily News Co.*, No. 19-CV-5903, 2021 WL 7448476, at *11 (E.D.N.Y. Mar. 23, 2021). This same conclusion is appropriate here and, to the extent Plaintiff's sexual harassment and related claims under Title VII arose or accrued on or after February 1, 2022, they should be dismissed against Republic Operations because there is no plausible direct or indirect employment relationship between Plaintiff and Republic Operations on or after February 1, 2022.

### 4. Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Claim for Sexual Harassment Under Title VII

Per the Court's instruction,[38] and pursuant to FED. R. CIV. P. 10(c), in order to minimize the briefing before the Court, Republic Operations adopts and incorporates by reference Sections I-III of Defendant Everyrealm Inc.'s Motion to Dismiss Plaintiff's Claim for Sexual Harassment (filed February 8, 2023) (the "Non-Employer Defendants' Motion"). As briefed therein, Plaintiff has not pled any facts that would support a facially plausible claim for sexual harassment under Title VII.

## IV.
## CONCLUSION

WHEREFORE, Defendant Republic Operations LLC respectfully requests that the Court:

(a) grant its Motion and, pursuant to FED. R. CIV. P. 12(b)(6), dismiss all sexual harassment and related claims (*e.g.*, constructive discharge) under Title VII that Plaintiff has pled against it *vis-a-vis* claims that arose or accrued on or after February 1, 2022, with prejudice to refiling same;

(b) deny Plaintiff leave to amend his Complaint; and, in the alternative, allow Republic Operations to submit supplemental briefing on Plaintiff's bad faith (which is a recognized basis for denying leave to amend), before this Court grants Plaintiff leave to amend; and

(c) grant Republic Operations all other relief, in both law and equity, that the Court deems just and proper.

---

[38] *See supra* note 26.

88115127.2

– 16 –

Dated: February 8, 2023
Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Jason T. Weber*
**Jason T. Weber,** *Lead Counsel*
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*