UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| GATSBY FRIMPONG, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| -against- | : | Case No. 1:22-CV-10487 |
| | : | |
| | : | |
| EVERYREALM INC., REPUBLIC COMPOUND | : | |
| LLC, d/b/a REPUBLIC REAL ESTATE, | : | |
| REPUBLIC OPERATIONS LLC d/b/a REPUBLIC,: | | |
| OPENDEAL INC., d/b/a REPUBLIC, OPENDEAL : | | |
| PORTAL LLC, d/b/a REPUBLIC, JESSE | : | |
| YORIO in her individual and professional | : | |
| capacities, JANINE YORIO in his individual and | : | |
| professional capacities, | : | |
| | : | |
| *Defendants.* | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS OPENDEAL INC. AND OPENDEAL PORTAL LLC'S
## MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT [ECF 1]

**POLSINELLI PC**
**Jason T. Weber,** *Lead Counsel*
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic*
*Operations LLC, OpenDeal Inc.,*
*and OpenDeal Portal LLC*

## <u>TABLE OF CONTENTS</u>

I. PRELIMINARY STATEMENT ............................................................................................. 1

II.  RELEVANT ALLEGATIONS ............................................................................................ 4

III.  ARGUMENTS AND AUTHORITIES ................................................................................ 6

    A.    Controlling Standard of Review .................................................................................. 6

    B.    Plaintiff's Impermissible Group Pleading Should Be Rejected ................................... 7

    C.    Plaintiff Fails to State a Viable Statutory Claim Against the Non-Employer
           Defendants ................................................................................................................. 10

        1.    Plaintiff Has Not Pled Any Facts that Would Support a Direct Employer-Employee
             Relationship with the Non-Employer Defendants ............................................. 10

        2.    Plaintiff Has Not Pled Any Facts that Would Support a Single Employer Relationship
             Between the Non-Employer Defendants and Any Other Defendant ............................ 12

        3.    Plaintiff Has Not Pled Any Facts that Would Support a Joint Employer Relationship
             Between the Non-Employer Defendants and Any Other Defendant ............................ 15

         4.    Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Claim for
             Sexual Harassment Under Title VII ................................................................... 17

         5.    Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Section 1981
             Claim Against the Non-Employer Defendants ................................................... 17

    D.    Plaintiff Fails to State a Viable IIED Claim Against the Non-Employer Defendants ... 19

        1.    Plaintiff Has Not Pled Any Facts that Would Arise to the Level of Extreme and
             Outrageous Conduct that is Required for an Actionable IIED Claim .......................... 19

        2.    Plaintiff Has Not Pled Any Basis of Vicarious Tort Liability *Vis-à-Vis* the Non-
             Employer Defendants .......................................................................................... 22

    E.    Plaintiff Fails to State a Viable Claim for Defamation Against the Non-Employer
           Defendants ................................................................................................................. 23

IV. CONCLUSION .................................................................................................................. 24

88091072.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Westbury Union Free Sch. Dist.*,
    829 F. Supp. 2d 89 (E.D.N.Y. 2011) ....................................................................................20

*Arculeo v. On-Site Sales & Mktg., LLC*,
    425 F.3d 193 (2d Cir. 2005)................................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................................6

*Bampoe v. Coach Stores, Inc.*,
    93 F. Supp. 2d 360 (S.D.N.Y. 2000)..................................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................................6

*Biberaj v. Pritchard Indus.*,
    859 F. Supp. 2d 549 (S.D.N.Y. 2012).................................................................................19

*Blackhawk Dev., LLC v. Krusinski Constr. Co.*,
    No. 19-CV-5590, 2021 WL 1225917 (S.D.N.Y. Mar. 31, 2021) ...........................................22

*Brathwaite v. Sec. Indus. Automation Corp.*,
    No. 06-CV-0300, 2006 WL 8439237 (E.D.N.Y. Dec. 1, 2006) .............................................17

*Brower-Coad v. Fundamental Brokers, Inc.*,
    856 F. Supp. 147 (S.D.N.Y. 1993) ................................................................................11, 12

*Brown v. Daikin Am. Inc.*,
    756 F.3d 219 (2d Cir. 2014)................................................................................................13

*Canon U.S.A., Inc. v. F&E Trading LLC*,
    No. 2:15-CV-6015, 2017 WL 4357339 (E.D.N.Y. Sept. 29, 2017) .........................................7

*Coley v. Vanguard Urban Improvement Ass'n, Inc.*,
    No. 12-CV-5565, 2016 WL 4179942 (E.D.N.Y. Aug. 5, 2016) ............................................12

*Conboy v. AT&T Corp.*,
    241 F.3d 242 (2d Cir. 2001)...........................................................................................18, 19

*Couch v. New York Daily News Co.*,
    No. 19-CV-5903, 2021 WL 7448476 (E.D.N.Y. Mar. 23, 2021)...........................................16

88091072.3

*Daniels v. Alvarado,*
   No. 03-CV-5832, 2004 WL 502561 (E.D.N.Y. Mar. 12, 2004)............................................20

*Dewey v. PTT Telecom Netherlands, U.S., Inc.,*
   No. 94-CV-5983, 1995 WL 425005 (S.D.N.Y. Sept. 12, 1995) ......................................11, 13

*Dillon v. City of N.Y.,*
   261 A.D.2d 34 (N.Y. App. Div. 1999) ............................................................................22, 23

*Emmons v. City Univ. of N.Y.,*
   715 F. Supp. 2d 394 (E.D.N.Y. 2010) ...................................................................................20

*Fahmy v. Duane Reade, Inc.,*
   No. 04-CV-1798, 2005 WL 2338711 (S.D.N.Y. Sept. 26, 2005)............................................19

*Felder v. U.S Tennis Ass'n,*
   27 F.4th 834 (2d Cir. 2022) .................................................................................................15

*Fenner v. News Corp.,*
   No. 09-CV-09832, 2013 WL 6244156 (S.D.N.Y. Dec. 2, 2013) ......................................12, 13

*Firefighters Local Union No. 1784 v. Stotts,*
   467 U.S. 561 (1984)...............................................................................................................17

*Guan N. v. NYC Dep't of Educ.,*
   No. 11–CV–4299, 2013 WL 67604 (S.D.N.Y. Jan. 7, 2013) .................................................19

*Harris v. Mills,*
   572 F.3d 66 (2d Cir. 2009).......................................................................................................6

*Herlihy v. Metro. Museum of Art,*
   633 N.Y.S. 2d 106 (1st Dep't 1995) .....................................................................................20

*Holmes v. Allstate Corp.,*
   No. 11-CV-1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) .................................................7

*Hubbell-Petang v. Hotel Rsrv. Serv., Inc.,*
   No. 20-CV-10988, 2022 WL 602900 (S.D.N.Y. Mar. 1, 2022) ............................................19

*Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.,*
   382 F. Supp. 3d 302 (S.D.N.Y. 2019)....................................................................................10

*In re Aluminum Warehousing Antitrust Litig.,*
   No. 13-MD-2481, 2015 WL 1344429 (S.D.N.Y. Mar. 23, 2015) ............................................8

*Keawsri v. Ramen-Ya Inc.,*
   No. 17-CV-2406, 2021 WL 3540671 (S.D.N.Y. Aug. 10, 2021)............................................10

*Khalil v. Fox Corp.*,
No. 21-CV-10248, 2022 WL 4467622 (S.D.N.Y. Sept 26, 2022)...........................................23

*Kiarie v. Dumbstruck, Inc.*,
473 F. Supp. 3d 350 (S.D.N.Y. 2020)......................................................................................10

*Leibowitz v. Bank Leumi Tr. Co. of N.Y.*,
548 N.Y.S. 2d 513 (App. Div. 1989)........................................................................................20

*Leneau v. Ponte*,
No. 1:16-CV-776, 2018 WL 566456 (S.D.N.Y. Jan. 25, 2018) ................................................7

*Lepore v. NL Brand Holdings LLC*,
No. 16-CV-08115, 2017 WL 4712633 (S.D.N.Y. Sept. 28, 2017)............................................8

*Lydeatte v. Bronx Overall Econ. Dev. Corp.*,
No. 00–CV–5433, 2001 WL 180055 (S.D.N.Y. Feb. 22, 2001) ..............................................19

*Mayor & City Council of Bal. v. Citigroup, Inc.*,
709 F.3d 129 (2d Cir. 2013).......................................................................................................6

*Miles v. PepsiCo*,
No. 520-CV-1591, 2022 WL 798272 (N.D.N.Y. Mar. 16, 2022) .....................................19, 21

*Moleon v. Alston*,
No. 21-CV-1398, 2021 WL 5772439 (S.D.N.Y. Dec. 3, 2021) ..............................................19

*Munson v. Diamond*,
No. 15-CV-425, 2017 WL 4863096 (S.D.N.Y. June 1, 2017), *report and
recommendation adopted*, 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017) ..............................16

*Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*,
No. 03-CV-0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004) ..............................................22

*Paulson v. Tidal*,
No. 16-CV-09049, 2018 WL 3432166 (S.D.N.Y. July 16, 2018)............................................19

*Perez v. Int'l Bhd. of Teamsters, AFL-CIO*,
No. 00-CV-1983, 2002 WL 31027580 (S.D.N.Y. Sept. 11, 2002)..........................................12

*Popat v. Levy*,
328 F. Supp. 3d 106 (W.D.N.Y. 2018) ...................................................................................10

*Postell v. Fallsburg Libr.*,
No. 20-CV-03991, 2022 WL 1092857 (S.D.N.Y. Apr. 8, 2022) ............................................11

*Pottash v. Hello Living, LLC*,
No. 19-CV-4530, 2021 WL 375341 (E.D.N.Y. Feb. 2, 2021) ................................................16

*Ritchie v. N. Leasing Sys., Inc.*,
  14 F. Supp. 3d 229 (S.D.N.Y. 2014)...................................................................7

*Rivera v. Baccarat, Inc.*,
  No. 95-CV-9478, 1996 WL 251850 (S.D.N.Y. May 10, 1996) ..............................................20

*Rivers v. Int'l House of Pancakes*,
  No. 20-CV-2471, 2021 WL 860590 (S.D.N.Y. Mar. 3, 2021).........................................11, 12

*Schade v. Coty, Inc.*,
  No. 00-CV-1568, 2001 WL 709258 (S.D.N.Y. June 25, 2001) ........................................13, 14

*Semper v. N.Y. Methodist Hosp.*,
  786 F. Supp. 2d 566 (E.D.N.Y. 2011) .................................................................20

*Sesto v. Slaine*,
  434 F. Supp. 3d 100 (S.D.N.Y. 2020)..................................................................18

*Shea v. Cornell Univ.*,
  192 A.D.2d 857, 596 N.Y.S. 2d 502 (3d Dep't 1993)..................................................20

*Shukla v. Deloitte Consulting LLP*,
  No. 19-CV-10578, 2020 WL 3181785 (S.D.N.Y. June 15, 2020) ........................................19

*Spring v. Allegany-Limestone Cent. Sch. Dist.*,
  138 F. Supp. 3d 282 (W.D.N.Y. 2015) ..................................................................7

*Stevens v. New York*,
  691 F. Supp. 2d 392 (S.D.N.Y. 2009)...................................................................19

*Stuto v. Fleishman*,
  164 F.3d 820 (2d Cir. 1999)..............................................................................19

*Tagliaferri v. Szulik*,
  No. 15-CV-2685, 2015 WL 5918204 (S.D.N.Y. Oct. 9, 2015)........................................22, 23

*Tebbenhoff v. Elec. Data Sys. Corp.*,
  No. 02-CV-2932, 2005 WL 3182952 (S.D.N.Y. Nov. 29, 2005), *aff'd*, 244
  Fed. App'x 382 (2d Cir. 2007)...........................................................................20

*Thomas v. Venditto*,
  925 F. Supp. 2d 352 (E.D.N.Y. 2013) ...................................................................7

*Turley v. ISG Lackawanna, Inc.*,
  774 F.3d 140 (2d Cir. 2014)..........................................................................11, 12

*Urena v. Swiss Post Sols., Inc.*,
  No. 16-CV-1998, 2016 WL 5173389 (S.D.N.Y. Sept. 21, 2016)............................................15

– vi –

*Jewish People for Betterment of Westhampton Beach v. Vill. of Westhampton Beach*, No. 2:12-CV-3760, 2013 WL 11322083 (E.D.N.Y. May 21, 2023) ........................16

*Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219 (S.D.N.Y. 2020) ...............................................................3, 10

*Wahlstrom v. Metro-Nort Commuter R.R. Co.*, 89 F. Supp. 2d 506 (S.D.N.Y. 2000) ....................................................................19

*Whidee v. Grazarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) ...........................................................................17

**Statutes**

Title VII of the Civil Rights Act of 1964 ............................................................ *passim*

The 1866 Civil Rights Act ............................................................................ *passim*

New York Labor Law ......................................................................................1, 9

**Other Authorities**

FED. R. CIV. P. 8 ...........................................................................................7

FED. R. CIV. P. 10 ........................................................................................16

FED. R. CIV. P. 11 ....................................................................................10, 11

FED. R. CIV. P. 12 ..................................................................................... *passim*

FED. R. EVID. 201 ......................................................................................1, 8

NY CPLR Rule 3016 .....................................................................................22

88091072.3

# I.
## <u>PRELIMINARY STATEMENT</u>

Defendants OpenDeal Inc. and OpenDeal Portal LLC (collectively, the "Non-Employer Defendants"), by and through their counsel, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Original Complaint [ECF 1] (the "Motion"), pursuant to FED. R. CIV. P. 12(b)(6).

This case—like the other lawsuits that Plaintiff's counsel is concurrently pursuing against the same collection of defendants[1]—is a smear campaign and shakedown, masked as a wrongful termination/discrimination lawsuit. Plaintiff's live pleading generically asserts ten causes of action against "all [five] corporate defendants," including the Non-Employer Defendants.[2] This is comprised of (1) seven statutory discrimination/wrongful termination claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"),[3] the 1866 Civil Rights Act ("Section 1981"),[4] and the New York Labor Law Equal Pay Act ("NYLL");[5] (2) a common law claim for intentional infliction of emotional distress ("IIED");[6] and (3) common law defamation claims.[7]

Despite filing a 155-paragraph lawsuit against seven defendants, Plaintiff fails to expressly identify any tortfeasors, perpetrators, or decision-makers employed by the Non-Employer Defendants, or any purported discriminatory acts or statements that are directly attributed to the

---

[1] Pursuant to FED. R. EVID. 201, the Non-Employer Defendants respectfully request that this Court take judicial notice of Civil Action No. 1:22-CV-06549-PAE, *Yost v. Everyrealm Inc., et al.* (S.D.N.Y.) and Civil Action No. 1:22-CV-06669-PAE, *Johnson v. Everyrealm Inc.* (S.D.N.Y.) (while plaintiff, Johnson, originally brought suit against Republic Operations LLC and the Non-Employer Defendants, Johnson has since abandoned claims against these defendants). The *Johnson* lawsuit is also referenced in Plaintiff's Complaint. *See* Pl.'s Compl. ¶ 75 [ECF 1].
[2] *See* Pl.'s Compl., ¶¶ 99–155 (First Cause of Action to Tenth Cause of Action) [ECF 1].
[3] *See id.* at ¶¶ 99–104, 117–26 (First, Fourth, and Fifth Causes of Action).
[4] *See id.* at ¶¶ 112–16 (Third Cause of Action).
[5] *See id.* at ¶¶ 105–11, 127–37 (Second, Sixth, and Seventh Causes of Action).
[6] *See id.* at ¶¶ 138–42 (Eighth Cause of Action).
[7] *See id.* at ¶¶ 143–55 (Ninth and Tenth Causes of Action).

Non-Employer Defendants. Instead, Plaintiff engages is the same impermissible group pleading that plagues the companion lawsuits that were brought by Plaintiff's counsel in *Yost* and *Johnson*.[8]

Without any additional detail, Plaintiff generically frames the Non-Employer Defendants (and other corporate defendants) as his "'employer' or 'covered employer' under all applicable statutes."[9] This boilerplate assertion, and the conclusory allegation— "[a]t all times herein, Mr. Frimpong was an employee of Defendant Everyrealm and/or the entities that make up d/b/a Republic"[10]—are the sole nexus of his purported employment relationship with the Non-Employer Defendants and any would-be theories of vicarious liability. In doing so, Plaintiff has engaged in impermissible group pleading, which has repeatedly been rejected by the Second Circuit and courts sitting in this District, and Plaintiff's claims against the Non-Employer Defendants should be dismissed on this pleading defect alone.

Separately, Plaintiff's claims against the Non-Employer Defendants, have no basis in law and should be dismissed for the following reasons:

- *First*, the discrimination and wrongful termination claims brought under Title VII and the NYLL require an employment relationship between the plaintiff and defendant. Threadbare recitals of an employer-employee relationship (*e.g.*, summarily labeling a collection of corporate defendants as the "employer" as Plaintiff has done) are not sufficient. Plaintiff has failed to properly plead any direct employer-employee relationship with the Non-Employer Defendants.

- *Second*, Plaintiff has similarly failed to sufficiently plead any alternative theories of an indirect employment relationship that would impute liability on the Non-Employer

---

[8] *See supra* note 1.
[9] *See id.* at ¶¶ 1–18.
[10] *See id.* at ¶ 10.

88091072.3

Defendants *vis-à-vis* his claims. Plaintiff does not allege that (1) the alleged harassers/perpetrators were directly employed by the Non-Employer Defendants; or (2) that the Non-Employer Defendants had any right to control the terms or conditions of his employment or compensation.

- _Third_, Plaintiff's purported sexual harassment/hostile work environment assertions are facially implausible and legally insufficient to support such claims under Title VII. Plaintiff acknowledges that he worked from London, England for the entirety of his employment with Defendant Everyrealm Inc.[11] He never visited any offices of the Non-Employer Defendants (or any other office for that matter), he never physically interacted with any employees of the Non-Employer Defendants (or others), and he has failed to allege conduct satisfying Title VII's severe and pervasive standard.

- _Fourth_, Plaintiff's Section 1981 claims fail because Plaintiff fails to plead that the Non-Employer Defendants acted with the intent to discriminate on the basis of his race. Beyond his impermissible group pleading, Plaintiff makes no allegations that the Non-Employer Defendants were aware of his race, participated in the alleged harassment— or were even aware of the alleged harassment during Plaintiff's employment, which is fatal to his pursuit of this claim against the Non-Employer Defendants.

- _Fifth_, common law IIED claims are subject to an exceptionally high bar and require tortious conduct that exceeds what is required to plead a plausible hostile work environment claim. Plaintiff's IIED claim fails for two reasons: (1) Plaintiff has failed to identify any tortious conduct that rises to the level of "extreme and outrageous;" and

---

[11] *See id*. at ¶ 54.

(2) even if Plaintiff could identify "extreme and outrageous conduct," he has still failed to plead any basis of vicarious tort liability *vis-à-vis* the Non-Employer Defendants.

- *Sixth*, Plaintiff's defamation claims fail because he does not, and cannot, identify any specific comments, the person responsible for the comments, when/where the comments were made, or to whom the comments were made. Any one of these failures justifies dismissal under New York law—much less the combination of all these deficiencies.

In short, Plaintiff's Complaint fails to (1) adequately allege a direct or indirect employment relationship with the Non-Employer Defendants to support his Title VII or NYLL claims; or (2) articulate facts, which, if taken as true, demonstrate any viable Section 1981, IIED or defamation claims against the Non-Employer Defendants. Therefore, Plaintiff's claims against the Non-Employer Defendants should be dismissed in their entirety under Fed. R. Civ. P. 12(b)(6) without leave to amend.

## II.
## RELEVANT ALLEGATIONS

Despite spanning 31 pages and 155 paragraphs, Plaintiff's Complaint fails to allege *any* facts addressing his purported "employment" relationship with the Non-Employer Defendants. In total, only 4 of the 155 paragraphs even mention the Non-Employer Defendants. Worse, two of these paragraphs—Paragraphs 15 and 16—relate to the perfunctory act of merely identifying the parties in the case and the two remaining paragraphs—Paragraphs 1 and 13—purport to lump the

Non-Employer Defendants into Plaintiff's global definitions of "Everyrealm" and "Republic." All four of these paragraphs lack any factual allegations supporting an employment relationship.

Instead, they simply make self-serving *ipse dixit* conclusions that the Non-Employer Defendants are "employer[s]" or "covered employer[s]."[12] Specifically:

(1)   **Paragraph 1, Footnote 1 –** "'Everyrealm' includes reference to Everyrealm Inc., Republic Compound LLC d/b/a Republic Real Estate, Republic Operations LLC d/b/a Republic, <u>OpenDeal Inc. d/b/a Republic</u>, <u>OpenDeal Portal LLC d/b/a Republic</u> where relevant herein."[13]

(2)   **Paragraph 13 –** "Defendant Republic, an alternative asset crowdfunding company and a Delaware Corporation, was Everyrealm's parent company at times relevant herein. Republic and Everyrealm were co-employers of Mr. Frimpong. Republic may be a trade name of Defendants Republic Operations LLC, <u>OpenDeal Inc., and OpenDeal Portal LLC</u>, *inter alia.* At all relevant times, Republic met the definition of an 'employer' or 'covered employer' under all applicable statutes. *<u>Any use of 'Republic' in this complaint includes reference to Defendants Republic, Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC</u>.* Defendant Republic and or/its entities used the same JustWorks employee management account as Everyrealm and its predecessor entities did, Everyrealm's CEO worked at both companies during Mr. Frimpong's tenure, and Everyrealm's senior executive team held dual roles at Everyrealm and Republic."[14]

(3)   **Paragraph 15 –** "<u>Defendant OpenDeal Inc.</u> is a Delaware Corporation that upon information and belief operates under the trade name Republic. *<u>At all relevant times, OpenDeal Inc. met the definition of an 'employer' or 'covered employer' under all applicable statutes</u>.*"[15]

(4)   **Paragraph 16 –** "<u>Defendant OpenDeal Portal LLC</u> is a Delaware Limited Liability Corporation that upon information and belief operates under the trade name Republic. *<u>At all relevant times, OpenDeal Portal LLC met the definition of an 'employer' or 'covered employer' under all applicable statutes</u>.*"[16]

Importantly, Plaintiff has not alleged that the Non-Employer Defendants exerted control over his job responsibilities, working conditions, hiring, and/or rate of pay—elements indicative of an employment relationship. Similarly, Plaintiff has not alleged that the Non-Employer

---

[12] *See e.g.*, *id.* at ¶ 13.
[13] *Id.* ¶ 1 n.1 (emphasis added; all-caps wording removed from original).
[14] *Id.* ¶ 13 (emphasis added).
[15] *Id.* ¶ 15 (emphasis added).
[16] *Id.* ¶ 16 (emphasis added).

88091072.3

Defendants exerted control over job responsibilities, working conditions, hiring, and/or rate of pay for any of the decision-makers or alleged harassers/tortfeasors that he has identified in this lawsuit. Stated differently, Plaintiff does not allege any specific factual allegations as to the Non-Employer Defendants to inform them, or the Court, of what he believes the Non-Employer Defendants have done that justifies their inclusion in this lawsuit.

## III.
## ARGUMENTS AND AUTHORITIES

### A.  Controlling Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Mayor & City Council of Bal. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombl*y, 550 U.S. 544, 570 (2007)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[;]"[17] and, state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Second Circuit has explained that, after *Twombly*, a court's inquiry under Rule 12(b)(6) is guided by two principles: "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 663) (internal quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64) (internal quotations

---

[17] *Twombly*, 550 U.S. at 555 (internal citations omitted).

88091072.3

omitted). The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory.

## B. Plaintiff's Impermissible Group Pleading Should Be Rejected

Like *Yost* and *Johnson*,[18] Plaintiff's Complaint is an example of impermissible group pleading at its worst. In the Second Circuit, "[i]t is well-established . . . that plaintiffs cannot simply lump defendants together for pleading purposes." *Canon U.S.A., Inc. v. F&E Trading LLC*, No. 2:15-CV-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (internal quotations omitted). Rule 8(a) "is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Id.* (quoting *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012)); *see also Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 235 (S.D.N.Y. 2014) ("[W]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish between the conduct of each of the defendants." (internal quotation marks omitted)).

"[C]omplaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'" *Leneau v. Ponte*, No. 1:16-CV-776, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018); *see also Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015) ("a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations."); *Thomas v. Venditto*, 925 F. Supp. 2d 352, 363 (E.D.N.Y. 2013) ("[I]t is insufficient for the plaintiffs to rely on group pleading against [these defendants] without making specific factual

---

[18] *See supra* note 1.

allegations [against them]." (alterations in original) (internal quotation marks and citation omitted)).

Judges George B. Daniels and Katherine B. Forrest of this District have explained that simply alleging multiple defendants are affiliated in some capacity is insufficient to survive a motion to dismiss. *See e.g.*, *Lepore v. NL Brand Holdings LLC*, No. 16-CV-08115, 2017 WL 4712633, at *6 (S.D.N.Y. Sept. 28, 2017) (Judge Daniels noting "While Defendants may be affiliated with one another in some capacity, '[t]he fact that two separate legal entities may have a corporate affiliation does not alter [the need to plead with more specificity as to each defendant]. In the absence of allegations that corporate formalities have been ignored, defendants are presumed to be legally separate.'" (quoting Judge Forrest in *In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481, 2015 WL 1344429, *3 (S.D.N.Y. Mar. 23, 2015))).

Despite this clear prohibition against group pleading (which was fully briefed and made known to Plaintiff's counsel in the *Yost* lawsuit before the inception of this action[19]), Plaintiff nevertheless repeatedly engages in this practice throughout his Complaint. Plaintiff fails to identify *any* actions taken by the Non-Employer Defendants that form the basis of his claims—or *any* facts that establish an employment relationship with the Non-Employer Defendants. In fact, the Complaint is replete with group pleading stacked on top of further group pleading. For example, Plaintiff attempts to combine numerous entities as "Republic" and then groups the "Republic" entities into "Everyrealm"—which is also a combination of various other additional entities.[20] Plaintiff then repeatedly uses the terms "Republic" and "Everyrealm" throughout his Complaint,

---

[19] Pursuant to FED. R. EVID. 201, the Non-Employer Defendants respectfully request that this Court take judicial notice of ECF 56, pp. 8–10 (addressing near identical impermissible group pleading) in *Yost* (filed Nov. 16, 2022).
[20] *See, e.g.*, Pl.'s Compl., ¶¶ 1 n.1, 13 [ECF 1].

often without differentiating between the five different entities that allegedly form these "super entities," and never specifies any actions taken by the Non-Employer Defendants.

Below is an example of how a four-sentence paragraph—Paragraph 18—reads if the Court indulges Plaintiff's group pleading allegations (original text in **black/bold font**):

> **Defendant Jesse Yorio is an Everyrealm** [which includes] Everyrealm Inc., Republic Compound LLC d/b/a Republic Real Estate, Republic Operations LLC d/b/a Republic, OpenDeal Inc. d/b/a Republic, OpenDeal Portal LLC d/b/a Republic [[21]] **executive. He was also employed by Republic** [which includes] Defendants Republic, Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC[[22]] **during relevant periods. He subjected Mr. Frimpong to repeated acts of retaliation and discrimination. At all relevant times, Mr. Yorio was employed by Everyrealm** [which includes] Everyrealm Inc., Republic Compound LLC d/b/a Republic Real Estate, Republic Operations LLC d/b/a Republic, OpenDeal Inc. d/b/a Republic, OpenDeal Portal LLC d/b/a Republic [[23]] **and/or Republic** [which includes] Defendants Republic, Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC[[24]] **and met the definition of "employer" or "covered employer" under all applicable statutes.**[25]

As evidenced by this nonsensical excerpt, Plaintiff's group pleading is insufficient to maintain his claims against the Non-Employer Defendants and is an improper attempt to skirt federal pleading requirements. Similar defects plague the remainder of Plaintiff's live pleading. The Non-Employer Defendants are not fairly on notice of the claims against them, Plaintiff asserts no facts identifying why the Non-Employer Defendants are employers, and Plaintiff fails to identify the specific conduct for which the Non-Employer Defendants are allegedly liable. Therefore, on this basis alone, dismissal of the Non-Employer Defendants is appropriate.

---

[21] *See id.* at ¶ 1 n.1 (red text is directly quoted from footnote 1).
[22] *See id.* at ¶ 13 (blue text is directly quoted from Paragraph 13).
[23] *See id.* at ¶ 1 n.1 (red text is directly quoted from footnote 1).
[24] *See id.* at ¶ 13 (blue text is directly quoted from Paragraph 13).
[25] *See id.* ¶ 18 (**black/bold** text is directly quoted from Paragraph 18).

**C. Plaintiff Fails to State a Viable Statutory Claim Against the Non-Employer Defendants**

To prevail on his statutory claims under Title VII or the NYLL, Plaintiff must allege and prove that each of the Non-Employer Defendants were his employer.[26] Both of these statutes/codes use a similar—although not the exact same—analysis for who constitutes an "employer." Generally, these statutes/codes require the plaintiff establish that the defendant controlled his employment.[27]

**1. Plaintiff Has Not Pled Any Facts that Would Support a Direct Employer-Employee Relationship with the Non-Employer Defendants**

Plaintiff alleges that he was directly employed by Defendants Everyrealm Inc. and Republic Operations LLC.[28] Plaintiff does not allege that he was directly employed by the Non-Employer Defendants—nor can he. Even if Plaintiff were to claim that the Non-Employer Defendants were also his direct employers, simply alleging that the Non-Employer Defendants are "employers"—with nothing more—is insufficient to establish an employment relationship and survive a motion to dismiss. *See, e.g.*, *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2021 WL 3540671, *13 (S.D.N.Y. Aug. 10, 2021) (holding that the assertion "[Defendant] was an employer of employees . . . is not a statement of fact but a conclusion of law."); *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 354 (S.D.N.Y. 2020) (holding that simply stating the defendant is an "employer" is a legal conclusion); *see also Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, 382 F. Supp. 3d 302, 307 (S.D.N.Y. 2019) (recognizing legal conclusions, unsupported by factual assertions, are insufficient to avoid dismissal under Rule 12(b)(6)).

---

[26] 42 U.S.C. § 2000e-2 (Title VII; prohibiting unlawful discriminatory practice by "employer"); N.Y. Lab. Law §§ 190(3); 651(6) (NYLL; same).
[27] *See e.g.*, *Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 233 (S.D.N.Y. 2020) (explaining what constitutes an "employer" under the NYLL); *Popat v. Levy*, 328 F. Supp. 3d 106, 124–25 (W.D.N.Y. 2018) (explaining what constitutes an "employer" under Title VII).
[28] *See* Pl.'s. Compl., ¶¶ 29, 40 [ECF 1].

– 10 –

Furthermore, Plaintiff cannot credibly take the position that his usage of the terms "Everyrealm" or "Republic" (both of which he has defined to include the Non-Employer Defendants) does indeed include the Non-Employer Defendants. If he does, it raises a host of concerns under Rule 11.[29] For example, Plaintiff alleges that "Defendant Janine Yorio is a member of Everyrealm's Board of Directors and its CEO."[30] If Plaintiff insists that his references to "Everyrealm" include all corporate entities identified in his global definition of this term, it begs the question: what is Plaintiff's good faith factual and legal basis for representing to this Court that Janine Yorio ("Yorio") is a Board Member and CEO of OpenDeal Inc., OpenDeal Portal LLC, and Republic Operations LLC? Numerous other Rule 11 pleading dilemmas will arise for Plaintiff if he takes this path. Simply put, Plaintiff cannot have it both ways.

Plaintiff cannot credibly contend that he has asserted a direct employer-employee relationship between himself and the Non-Employer Defendants. Thus, in order to pursue a facially actionable statutory claim against the Non-Employer Defendants, Plaintiff must attempt to allege that the Non-Employer Defendants are collectively (1) a single employer with Everyrealm Inc./Republic Operations LLC; or (2) a joint employer with Everyrealm Inc./Republic Operations LLC.[31] Plaintiff similarly fails to allege facts supporting a claim under either of these theories.

---

[29] *See* FED. R. CIV. P. 11(b) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

[30] *See* Pl.'s Compl., ¶ 17 [ECF 1].

[31] *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155 n.13 (2d Cir. 2014) (applying single or joint employer test to NYSHRL); *Postell v. Fallsburg Libr.*, No. 20-CV-03991, 2022 WL 1092857, *6–7 (S.D.N.Y. Apr. 8, 2022) (applying the single employer analysis to Title VII); *Rivers v. Int'l House of Pancakes*, No. 20-CV-2471, 2021 WL 860590, *2–3 (S.D.N.Y. Mar. 3, 2021) (applying the joint employer analysis to both the ADA and Title VII simultaneously); *Brower-Coad v. Fundamental Brokers, Inc.*, 856 F. Supp. 147, 150 n.6 (S.D.N.Y. 1993) (applying single or joint employer test to NYSHRL claims).

– 11 –

### 2. Plaintiff Has Not Pled Any Facts that Would Support a Single Employer Relationship Between the Non-Employer Defendants and Any Other Defendant

Plaintiff fails to sufficiently plead that the Non-Employer Defendants are a single employer with Everyrealm Inc. or Republic Operations LLC.[32] "Courts do not readily find that related entities are single employers in discrimination cases." *Dewey v. PTT Telecom Netherlands, U.S., Inc.*, No. 94-CV-5983, 1995 WL 425005, at *2 (S.D.N.Y. Sept. 12, 1995) (citation omitted). In this Circuit, four factors determine whether two entities can be treated as a single employer for purposes of finding shared liability for the employment acts of one entity: (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. *See, e.g.*, *Turley*, 774 F.3d at 155 n.13; *Brower-Coad*, 856 F. Supp. at 150 n.6 (S.D.N.Y. 1993); *Coley v. Vanguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2016 WL 4179942, at *5 (E.D.N.Y. Aug. 5, 2016); *Rivers*, 2021 WL 860590, at *2–3. The most important factor is the degree of centralized control of labor relations, and the critical question is: "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" *See, e.g.*, *Perez v. Int'l Bhd. of Teamsters, AFL-CIO*, No. 00-CV-1983, 2002 WL 31027580, at *3 (S.D.N.Y. Sept. 11, 2002) (internal citation omitted).

Indulging every inference in Plaintiff's favor, the Non-Employer Defendants speculate that Plaintiff may identify three generic assertions as relevant to this four-factor test. None these assertions, even if taken as true, would establish a single employer relationship:

- Allegation 1 – Plaintiff alleges "Republic" (which includes the Non-Employer Defendants based on its expansive definition) was the parent company of

---

[32] Plaintiff devotes a single sentence to the assertion "numerous public statements, LinkedIn articles, and tweets confirm that Republic and Everyrealm/Republic Realm were direct employers of Mr. Frimpong, or in the alternative were either a single employer or joint employers. Pl.'s Compl., ¶ 39 [ECF 1]. This allegation is conclusory, it fails to even expressly address the Non-Republic Defendants, and the excerpted LinkedIn articles and tweets are similarly devoid of any reference to or facial relevance to the Non-Employer Defendants. *See id.* at ¶¶ 33, 37–38.

"Everyrealm."[33] This threadbare—and nonsensical—recital, which is not even directly pled against the Non-Employer Defendants, is unavailing because "[t]here is a strong presumption that a parent is not the employer of its subsidiary's employees."[34]

- <u>Allegation 2</u> – Plaintiff alleges that Everyrealm's board of directors are related to Republic.[35] Specifically, Plaintiff identifies Mr. Andrew Durgee as someone who is on the board of directors at both "Republic" and "Everyrealm" and Julia Schwartz who is allegedly on the board of directors at "Everyrealm" and an executive at "Republic." Again, these allegations—*even if they were true* (meaning they are concurrently on the board of Everyrealm Inc., Republic Operations LLC, OpenDeal Inc. *<u>and</u>* OpenDeal Portal LLC)—are insufficient to establish a single employer relationship.[36]

- <u>Allegation 3</u> – Plaintiff alleges that "it appears all Everyrealm employees received their paychecks from a Republic owned and maintained bank account throughout Mr. Frimpong's tenure at Republic and Everyrealm."[37] Tabling the fact that this statement is categorically false, there remain zero allegations that articulate how a "Republic owned and maintained bank account" is linked to—or controlled by—

---

[33] *See* Pl.'s Compl., ¶¶ 1 n.1, 13 [ECF 1].
[34] *Fenner v. News Corp.*, No. 09-CV-09832, 2013 WL 6244156, at *9 (S.D.N.Y. Dec. 2, 2013).
[35] *See* Pl.'s Compl., at ¶ 11 [ECF 1].
[36] *Fenner*, 2013 WL 6244156, at *9 ("the fact that the Chairman of the Board of one company was Chairman of a separate company, without more, does not show that the second company was integrated with the first"); *Dewey*, 1995 WL 425005, at *2 (no centralized control where parent's employee served on the board of the subsidiary where there was no allegation that he acted against his position as subsidiary's board member).
[37] *See* Pl.'s Compl., at ¶ 31 [ECF 1].

the Non-Employment Defendants. Plaintiff cannot, in good faith, claim that three entities simultaneously owned and controlled this referenced bank account.[38]

Beyond these conclusory—and incomplete—allegations, Plaintiff does not address any of the four factors. This defect is even more pronounced when one examines what is required to develop these factors. For example, when analyzing the interrelation of operations between two companies, courts consider the following factors: (1) whether the parent was involved in the subsidiary's daily decisions relating to production, distribution, marketing, and advertising; (2) whether the two entities shared employees, services, records, and equipment; (3) whether the entities commingled bank accounts, accounts receivable, inventories, and credit lines; (4) whether the parent maintained the subsidiary's books; (5) whether the parent issued the subsidiary's paychecks; and (6) whether the parent prepared and filed the subsidiary's tax returns. *See e.g.*, *Schade*, 2001 WL 709258, at *7.[39] Aside from claiming "it appears" the Defendants shared a bank account (*an allegation Plaintiff knows is false*), Plaintiff fails to assert any facts that support the interrelated operations factor. Therefore, Plaintiff fails to establish a plausible claim of single employer liability in his Complaint.

---

[38] In addition, being paid from a joint bank account is only one of several sub-factors used to determine whether companies share "interrelated operations"—which itself is only one of four elements i,n the single employer analysis. *See e.g.*, *Schade v. Coty, Inc.*, No. 00-CV-1568, 2001 WL 709258, at *7 (S.D.N.Y. June 25, 2001). Accordingly, this allegation fails to establish a joint employer relationship. *See e.g.*, *Brown v. Daikin Am. Inc.,* 756 F.3d 219, 227 (2d Cir. 2014) (noting control of labor relations is the central concern and that "no one factor is determinative").

[39] In weighing the existence of centralized control of labor relations, the "relevant factors include whether the subsidiary has a separate human resource department, whether the subsidiary 'establishes its own policies and makes its own decisions as to the hiring, discipline, and termination of its employees,' whether employment applications are sent to the parent, whether the subsidiary must clear all major employment decisions with the parent, and whether the parent routinely shifts employees between the two companies." *Schade*, 2001 WL 709258, at *8 (internal citations omitted).

– 14 –

### 3. Plaintiff Has Not Pled Any Facts that Would Support a Joint Employer Relationship Between the Non-Employer Defendants and Any Other Defendant

Plaintiff has also not properly pled that the Non-Employer Defendants are a joint employer with Everyrealm Inc. or Republic Operations LLC.[40] In contrast to the single employer theory, a joint employer relationship assumes that the employers are two separate entities, but that they handle certain aspects of the employment relationship jointly. *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). "Where this doctrine is operative, an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." *Id.*

In this Circuit, "[t]o determine whether an entity can be considered a joint employer, courts evaluate whether the alleged [joint] employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Urena v. Swiss Post Sols., Inc.*, No. 16-CV-1998, 2016 WL 5173389, at *4 (S.D.N.Y. Sept. 21, 2016) (internal quotations omitted).[41] An "essential element" in this inquiry is whether there is "sufficient evidence of immediate control over the employees." *Id.* (citation omitted).

Here, Plaintiff fails to allege any facts supporting a claim that the Non-Employer Defendants have the authority to hire and fire Everyrealm Inc. employees, the authority to supervise or control the work schedules or conditions of Everyrealm Inc. employees, the authority

---

[40] *See supra* note 32.
[41] *See also Felder v. U.S Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) ("[T]oday we join our sister Circuits in concluding that non-exhaustive factors drawn from the common law of agency, including control over an employee's hiring, firing, training, promotion, discipline, supervision, and handling of records, insurance, and payroll, are relevant to this [joint employer] inquiry.").

to determine the compensation of Everyrealm Inc. employees, or the authority to maintain Everyrealm Inc.'s employment records. The same is also true *vis-à-vis* the Non-Employer Defendants and Republic Operations LLC.

In a similar scenario (where the plaintiff globally referenced all "defendants" as the "employer" with no supporting allegations), the U.S. Eastern District of New York dismissed the Plaintiff's employment and discrimination claims for failure to properly plead a single or joint employer theory:

> To begin and, for all intents and purposes, literally to end review, Couch and Wilkins have failed to plead that the Tribune is liable under either the single or joint employer theory. The complaint refers throughout to "defendants," but its only mentions of the Tribune specifically are allegations that the Tribune conducts business in New York and "is an employer" within the meaning of relevant statutes, . . . and that plaintiffs "are employed by the Daily News and Tribune as Truckdrivers[.]" These sparse, conclusory allegations are insufficient to allege an employer-employee relationship with the Tribune. They do not permit the Court to examine the four *Cook* factors required for single employer liability, nor the commonality of control required for joint employer liability. *See, e.g.*, *Pottash v. Hello Living, LLC*, No. 19-CV-4530 (RPK) (SJB), 2021 WL 375341, at *4 (E.D.N.Y. Feb. 2, 2021) (finding plaintiff's "bare-bones allegations are insufficient—even at the pleading stage—to infer that the [defendants] should be treated as a single employer"); *Munson v. Diamond*, No. 15-CV-425 (DAB) (BCM), 2017 WL 4863096, at *5 (S.D.N.Y. June 1, 2017), *report and recommendation adopted*, 2017 WL 4862789 (S.D.N.Y. Oct. 26, 2017) (dismissing defendant where complaint "fails to address, much less establish, any of the four *Cook* factors" and "contains no allegations concerning any of the indicia of control required before the joint employer doctrine may be applied").[8] Plaintiffs' employment discrimination and retaliation claims against the Tribune are, therefore, dismissed.

*Couch v. New York Daily News Co.*, No. 19-CV-5903, 2021 WL 7448476, at *11 (E.D.N.Y. Mar. 23, 2021). This same conclusion is appropriate here and Plaintiff's statutory claims should be dismissed against the Non-Employer Defendants because there is no plausible direct or indirect employment relationship with Plaintiff.

**4.  Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Claim for Sexual Harassment Under Title VII**

Per the Court's instruction,[42] in order to minimize the briefing before the Court, the Non-Employer Defendants incorporate by reference Defendant Everyrealm Inc.'s Motion to Dismiss Plaintiff's Claim for Sexual Harassment (filed on February 8, 2023) pursuant to Fed. R. Civ. P. 10(c). *See Jewish People for Betterment of Westhampton Beach v. Vill. of Westhampton Beach*, No. 2:12-CV-3760, 2013 WL 11322083, at *1 (E.D.N.Y. May 21, 2023). As briefed therein, Plaintiff has not pled any facts that would support a facially plausible claim for sexual harassment under Title VII.

**5.  Plaintiff Has Not Pled Any Facts that Would Support a Facially Plausible Section 1981 Claim Against the Non-Employer Defendants**

In order to state a claim under Section 1981, Plaintiff must allege facts in support of the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 376 (S.D.N.Y. 2000) (dismissing the complaint with respect to certain defendants for being devoid of any allegations of discriminatory intent). While in certain circumstances a claim under Section 1981 can be asserted against non-employers, "relief is authorized only when there is proof or admission of intentional discrimination" on the part of each named defendant. *See Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 583 n.16 (1984). In the Second Circuit, this requires the Plaintiff to allege each Defendant had "some affirmative link to causally connect the actor with the discriminatory action." *See e.g.*, *Whidee v. Grazarelli Food Specialties, Inc.*, 223 F.3d 62, 75

---

[42] *See* Hearing Tr., p. 29:8–13 (Jan. 24, 2023) ("Since there are going to be multiple defendants moving, I would ask that to the extent there's an argument that Mr. Weber's clients are joining in essentially, that they just do that and adopt it and not set up a similar argument, so we don't have multiple same points.").

(2d Cir. 2000); *Brathwaite v. Sec. Indus. Automation Corp.*, No. 06-CV-0300, 2006 WL 8439237, *5 (E.D.N.Y. Dec. 1, 2006).

In *Brathwaite*, the plaintiff attempted to hold a parent company of her direct employer liable for alleged harassment under Section 1981. *Brathwaite*, 2006 WL 8439237 at *1. The plaintiff alleged, *inter alia*, that a defendant parent company owned two-thirds of the plaintiff's direct employer and exercised control over the direct employer's operations. *Brathwaite*, 2006 WL 8439237 at *1, 5. However, these allegations failed to show "personal involvement" or an "affirmative link" between the parent company and the discrimination. *Id.* *5. Instead, even construing the complaint "most liberally" the plaintiff at most alleged "ordinary negligence"— which is insufficient to support a Section 1981 claim. *Id.* As such, the district court rejected the plaintiff's Section 1981 claims and dismissed the claims asserted against the non-employer defendant's pursuant to Rule 12(b)(6). *Id.*

Here, the same outcome in *Brathwaite* applies. Even if either of the Non-Employer Defendants were the parent company of Everyrealm Inc. (as previously discussed, the implausible and illogical pleadings suggest multiple entities are a sole parent company), this allegation alone does not establish a Section 1981 claim.[43] Instead, Plaintiff must allege facts showing the Non-Employer Defendants were somehow involved in the alleged harassment. Plaintiff's Complaint wholly fails in this regard (including *vis-à-vis* Republic Operations LLC) as there is not a single allegation establishing an affirmative link between Plaintiff's Section 1981 claims and the Non-Employer Defendants. Plaintiff makes no allegations that Non-Employer Defendants participated in the alleged harassment or were even aware of the alleged harassment during Plaintiff's

---

[43]The Non-Employer Defendants note that OpenDeal Inc. was the parent company of Plaintiff's former employer Republic Operations LLC which employed Plaintiff from November 1, 2021, to January 31, 2022. Plaintiff fails to specifically identify any allegations that occurred during this time. Further, OpenDeal Portal LLC was never a parent company of Republic Operations LLC and is even further attenuated from the allegations.

employment. Accordingly, Plaintiff's Section 1981 claims against the Non-Employer Defendants should be dismissed.

### D.  Plaintiff Fails to State a Viable IIED Claim Against the Non-Employer Defendants

Plaintiff's IIED claim fails for two reasons: (1) Plaintiff's Complaint is devoid of any allegations that arise to the level of "extreme and outrageous;" and (2) even if Plaintiff could identify "extreme and outrageous conduct," he has still failed to plead any basis of vicarious tort liability *vis-à-vis* the Non-Employer Defendants.

#### 1.  Plaintiff Has Not Pled Any Facts that Would Arise to the Level of Extreme and Outrageous Conduct that is Required for an Actionable IIED Claim

To state a claim for IIED, a party must allege "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Sesto v. Slaine*, 434 F. Supp. 3d 100, 117 (S.D.N.Y. 2020) (citing *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001)). Conduct satisfying the first element of the tort must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Conboy*, 241 F.3d at 258. "Whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999).

When pleading IIED, "[t]he bar is extremely high, and this highly disfavored cause of action is almost never successful." *Guan N. v. NYC Dep't of Educ.*, No. 11–CV–4299, 2013 WL 67604, at *25 (S.D.N.Y. Jan. 7, 2013). "'The "rare instances' when courts in this circuit have recognized IIED claims '<u>in the employment context</u>' are when the claims have alleged not merely sexual harassment, but 'more significantly, battery.'" *Hubbell-Petang v. Hotel Rsrv. Serv., Inc.*, No. 20-CV-10988, 2022 WL 602900, at *8 (S.D.N.Y. Mar. 1, 2022) (citing *Wahlstrom v. Metro-*

*Nort Commuter R.R. Co.*, 89 F. Supp. 2d 506, 529 (S.D.N.Y. 2000) (internal citations omitted) (emphasis added)). Stated differently, "[i]n the employment context, harassment or discrimination alone is insufficient to state an IIED claim." *Paulson v. Tidal*, No. 16-CV-09049, 2018 WL 3432166, at *4 (S.D.N.Y. July 16, 2018).[44]

Applying this rigorous test, courts have repeatedly held that profanity-ridden tirades, derogatory comments, racial slurs, and even sexist comments/jokes will generally not qualify as extreme and outrageous conduct.[45] For example, in *Miles v. PepsiCo*, the Court dismissed the

---

[44] *See also Moleon v. Alston*, No. 21-CV-1398, 2021 WL 5772439, at *13 (S.D.N.Y. Dec. 3, 2021) ("New York [c]ourts are reluctant to allow [IIED] claims in employment discrimination cases" and "wary of allowing plaintiffs to recharacterize claims for wrongful or abusive discharge . . . as claims for intentional infliction of emotional distress." (quoting *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009)).

[45] *See, e.g.*, *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578, 2020 WL 3181785, at *13 (S.D.N.Y. June 15, 2020) (holding that "comments about [the plaintiff's] heritage made by senior managers" and "jokes or other comments . . . related to [the] [p]laintiff's national origin" did not state a claim for IIED); *Biberaj v. Pritchard Indus.*, 859 F. Supp. 2d 549, 557 & 565 (S.D.N.Y. 2012) (supervisors' repeated direction of profanities at employee, including calling her a "[b]itch, slut, [and] whore," were insufficiently extreme and outrageous); *Stevens v. New York*, 691 F. Supp. 2d 392, 399 (S.D.N.Y. 2009) ("'Acts which merely constitute harassment, disrespectful or disparate treatment, a hostile environment, humiliating criticism, intimidation, insults or other indignities fail to sustain a claim of [IIED] because the conduct alleged is not sufficiently outrageous.'" (quoting *Lydeatte v. Bronx Overall Econ. Dev. Corp.*, No. 00–CV–5433, 2001 WL 180055, at *2 (S.D.N.Y. Feb. 22, 2001))); *Fahmy v. Duane Reade, Inc.*, No. 04-CV-1798, 2005 WL 2338711, at *8 (S.D.N.Y. Sept. 26, 2005) (noting that combination of verbal harassment and adverse employment actions were insufficient to state IIED claim and that "in the rare instances where the New York courts have found the complaint sufficient to state a claim for [IIED] in the employment context, the claims have been accompanied by allegations of sex discrimination, and more significantly, battery"); *Tebbenhoff v. Elec. Data Sys. Corp.*, No. 02-CV-2932, 2005 WL 3182952, at *10 (S.D.N.Y. Nov. 29, 2005), *aff'd*, 244 Fed. App'x 382 (2d Cir. 2007) ("New York courts have been generally unwilling to sustain claims for [IIED] in connection with allegations of employment discrimination on the basis of disability."); *Rivera v. Baccarat, Inc.*, No. 95-CV-9478, 1996 WL 251850, at *3 (S.D.N.Y. May 10, 1996) (partial prohibition of speaking Spanish in the workplace, ridiculing plaintiff for accent, and subjecting plaintiff to ethnic stereotyping, while "not condoned, . . . [are] also not actionable under the rubric of [IIED]"); *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 111 (E.D.N.Y. 2011) (claims of sexual harassment and retaliatory conduct in employment context do not rise to sufficient level); *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 588 (E.D.N.Y. 2011) (dismissing IIED cause of action based on discriminatory conduct); *Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394, 424 (E.D.N.Y. 2010) (noting that employment discrimination conduct does not make out a claim for IIED); *Daniels v. Alvarado*, No. 03-CV-5832, 2004 WL 502561, at *6 (E.D.N.Y. Mar. 12, 2004) ("Racial slurs on their own do not constitute conduct so 'extreme and outrageous' in nature as to sustain a claim for intentional infliction of emotional distress."); *Herlihy v. Metro. Museum of Art*, 633 N.Y.S. 2d 106, 114 (1st Dep't 1995) ("While the use of racial or ethnic epithets has been found to be deplorable and to evidence a certain narrow mindedness and mean spiritedness, and allegations of sexual harassment and discrimination were found to be wholly inappropriate but not so outrageous in character or so extreme in degree as to be wholly intolerable[,] . . . the courts have been reluctant to allow recovery for their use under the banner of [IIED] absent a deliberate and malicious campaign of harassment or intimidation") (internal quotation marks and citations omitted); *Shea v. Cornell Univ.*, 192 A.D.2d 857, 596 N.Y.S. 2d 502 (3d Dep't 1993) (noting that sexual harassment in the workplace is not IIED); *Leibowitz v. Bank Leumi Tr. Co. of N.Y.*, 548 N.Y.S. 2d 513, 521 (App. Div. 1989) (affirming dismissal of an IIED claim based on frequent "deplorable and reprehensible" "use of . . . religious and ethnic slurs").").

plaintiff's IIED claim based on its finding that "countless" racially derogatory comments and slurs—while deplorable—do not arise to the level of extreme and outrageous conduct that is necessary to support an actional IIED claim:

> In Plaintiffs' complaint, Plaintiff Miles alleges that, over a course of several years, Caucasian co-workers and supervisors made "countless" racially derogatory remarks and used slurs toward him, including references that, because of his race, Plaintiff Miles was dealing drugs, "probably a slumlord," that he should be dropped off at the jail "with [his] people," and that his hair was "dirty like a mop." Plaintiff Miles also alleges that he was written up for other workers' mistakes, that he was not allowed to park in the lot closest to his department, and that his co-workers would never tell him if he was doing something wrong so as to let the mistakes "pile up," thus warranting a write-up. Plaintiffs Hutt and McClusky allege that they "witnessed [Plaintiff Miles's] emotional collapse" and complained to Human Resources about the "racially hostile conduct." As a result of that disclosure, Plaintiffs Hutt and McClusky allege that Defendants targeted and harassed them as well as separated them from each other and their peers. With respect to Plaintiffs Hutt and McClusky, the Court finds that their allegations merely amount to harassment and bullying, which are not sufficient to state a claim for IIED. Although Plaintiff Miles's allegations are more severe, and describe a discriminatory, hateful workplace, the Court finds that such verbal harassment, threats, and workplace interference are not so extreme as to go "beyond all possible bounds of decency" so as to meet the standard for asserting IIED claims in the employment context. Such vile conduct should not be tolerated in the workplace, but it is not synonymous with physical or sexual assault, which courts have found are so egregious that an IIED claim may stand. For these reasons, the Court grants Defendants' motion to dismiss Plaintiffs' seventh cause of action for IIED.

*Miles v. PepsiCo*, No. 520-CV-1591, 2022 WL 798272, at *3–4 (N.D.N.Y. Mar. 16, 2022) (internal citations omitted).

Here, Plaintiff does not allege battery, sexual assault, or any unwanted touching. Instead, his IIED claim is premised on "namely by, *inter alia*, subjecting him to unwanted sexually explicit come-ons."[46] As stated above, these alleged "come-ons" allegedly made by Yorio, at best, include: (1) Yorio instructing Plaintiff to "get the customer wet, just like [he] would with a woman";[47]

---

[46] *See* Pl.'s Compl. at ¶ 139 [ECF 1].
[47] *See id.* at ¶ 56.

(2) Yorio asking Plaintiff if he was in a relationship;[48] (3) Yorio informing Plaintiff of her previous relationships and telling Plaintiff that she "hooked up with" a German man;[49] and (4) Yorio telling Plaintiff she felt that she was only married to her husband in the Metaverse."[50] For the reasons stated above, such allegations, even if they were true, do not arise to the level of extreme and outrageous and are insufficient to support a facially plausible claim of IIED.

### 2. Plaintiff Has Not Pled Any Basis of Vicarious Tort Liability *Vis-à-Vis* the Non-Employer Defendants

Even if Plaintiff could identify extreme and outrageous conduct (he has not), he must still allege _intent_ to cause severe emotional distress. Aside from ambiguously alleging that "Defendants" caused him emotional distress, Plaintiff fails to expressly attribute any of the underlying statements that form the basis of his IIED claim to the Non-Employer Defendants. Again, Plaintiff has not alleged that any of the alleged harassers/perpetrators were directly employed by the Non-Employer Defendants.

Any would-be theory of vicarious liability is equally unavailing. _First_, Plaintiff has failed to plead any theory of vicarious liability *vis-à-vis* his common law IIED claim. *See Nuevo Mundo Holdings v. Pricewaterhouse Coopers LLP*, No. 03-CV-0613, 2004 WL 112948, at *8 (S.D.N.Y. Jan. 22, 2004) ("Plaintiffs' Second Amended Complaint would similarly fail to withstand motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failing to allege vicarious liability."). _Second_, even assuming the Non-Employer Defendants were the parent company of Everyrealm, Inc. (as previously discussed, the implausible and illogical pleadings suggest multiple entities are a sole parent company) it would not change the result. "[A] parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and

---

[48] *See id.* at ¶ 63.
[49] *See id.* at ¶ 61.
[50] *See id.* at ¶ 68.

control over the subsidiary." *Blackhawk Dev., LLC v. Krusinski Constr. Co.*, No. 19-CV-5590, 2021 WL 1225917, at *4 (S.D.N.Y. Mar. 31, 2021). In short, Plaintiff has separately failed to sufficiently plead any viable basis for pursing a claim of IIED against the Non-Employer Defendants under a theory of vicarious liability and his IIED claim should be dismissed against the Non-Employer Defendants.

### E. Plaintiff Fails to State a Viable Claim for Defamation Against the Non-Employer Defendants

Plaintiff fails to plead a claim for defamation. Under New York law, a defamation claim must contain the following elements: (1) a false statement, (2) published without privilege or authorization to a third party, (3) constituting fault as judged by, at a minimum, a negligence standard, which (4) causes special harm or constitutes defamation *per se*. *See e.g.*, *Dillon v. City of N.Y.*, 261 A.D.2d 34, 38 (N.Y. App. Div. 1999). New York pleading standards further require that "the particular words complained of shall be set for in the complaint[.]" NY CPLR Rule 3016(a); *see also Tagliaferri v. Szulik*, No. 15-CV-2685, 2015 WL 5918204, *4 (S.D.N.Y. Oct. 9, 2015). Moreover, "the complaint must also allege the *time, place and manner* of the false statement and specify *to whom it was made*." *Dillon*, 261 A.D.2d at 38; *see also Tagliaferri*, 2015 WL 5918204, *4 (emphasis added).

Here, Plaintiff's Complaint wholly fails to meet New York's pleading requirements. The Complaint fails to identify (1) the particular words complained of, (2) who specifically made the defamatory statement(s), (3) when the statement(s) was made, or (4) who the statement(s) was made to.[51] Any one of these failures on its own mandate dismissal. Plaintiff's nondescript allegation that "Defendants" defamed Plaintiff by telling "others" that Plaintiff lied about his work his work history (*without specifying the particular words*) is insufficient.

---

[51] *See id.* at ¶¶ 143–55.

Further, even if Plaintiff's Complaint was not wholly deficient under New York pleading standards, Plaintiff cannot maintain a claim against the Non-Employer Defendants because Plaintiff fails to identify any agent of the Non-Employer Defendants who made the unidentified statements. A corporate entity may only be held liable for defamation if one if its "officer[s] or agent[s]" makes the alleged defamatory statement while "acting within the scope of her authority." *Khalil v. Fox Corp.*, No. 21-CV-10248, 2022 WL 4467622, *10 (S.D.N.Y. Sept 26, 2022). Because Plaintiff fails to identify *any* individual(s) whatsoever who were responsible for the unidentified statements, Plaintiff's claims specifically fail against the Non-Employer Defendants.

## IV.
## CONCLUSION

WHEREFORE, Defendants OpenDeal Inc. and OpenDeal Portal LLC respectfully request that the Court:

(a) grant their Motion and, pursuant to FED. R. CIV. P. 12(b)(6), dismiss all claims that Plaintiff has pled against them, with prejudice to refiling same;

(b) deny Plaintiff leave to amend his Complaint; and, in the alternative, allow the Non-Employer Defendants to submit supplemental briefing on Plaintiff's bad faith (which is a recognized basis for denying leave to amend), before this Court grants Plaintiff leave to amend; and

(c) grant the Non-Employer Defendants all other relief, in both law and equity, that the Court deems just and proper.

88091072.3

Dated: February 8, 2023
Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Jason T. Weber*
**Jason T. Weber, *Lead Counsel***
admitted *pro hac vice* [ECF 17]
jweber@polsinelli.com
**Isaac Z. Treadaway**
Admitted *pro hac vice* [ECF 18]
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*

– 25 –