```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GATSBY FRIMPONG                                             :
                                                            :      22-CV-10487 (GHW) (RWL)
                              Plaintiff,                    :
                                                            :
            - against -                                     :      ORDER
                                                            :
EVERYREALM INC., et al.,                                    :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff filed this employment sexual harassment action on December 12, 2022 against two sets of Defendants – the "Everyrealm" Defendants and the "OpenDeal" Defendants. On February 8, 2023, the Everyrealm Defendants filed motions both to compel arbitration and to dismiss for failure to state a claim. The OpenDeal Defendants filed a motion to dismiss but not to compel arbitration.

On March 9, 2023, the due date for Plaintiff to file his opposition to the motions, Plaintiff did not file any opposition. Instead, despite previously and repeatedly opposing arbitration, Plaintiff wrote to the Court advising that Plaintiff consents to arbitration and "does not oppose" the Everyrealm Defendants' request to stay in favor of arbitration. (Dkt. 43 at 1 and n.1.) Plaintiff also asserted that the stay pending arbitration "moots the question of whether a Sexual Harassment Dispute was sufficiently pled to implicate the [Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ('EFAA')]." While seeking a stay of the entire case pending arbitration, Plaintiff asked the Court that, in the absence of a stay as to all Defendants, Plaintiff be afforded seven additional days to either secure the OpenDeal Defendants' consent to arbitrate the claims alongside the

1

other Defendants or, failing that, to submit his opposition to their Motion to Dismiss brief. (Dkt. 43 at 1.)

The OpenDeal Defendants deny having any employment relationship with Plaintiff and have not consented to arbitration. They ask the Court to resolve their motion to dismiss on the current record, contending that Plaintiff waived his right to submit opposing papers by failing to timely ask for an extension of time to do so. (Dkt. 44.)

Judicial efficiency would be served by a stay of the entire case pending arbitration of Plaintiff's claims against the Everyrealm Defendants. The OpenDeal Defendants have moved to dismiss on multiple grounds, including, by incorporation, the same argument advanced by the Everyrealm Defendants that, based on the facts as plead, Plaintiff cannot invoke the EFAA as a matter of law. Proceeding here with any ruling on that basis creates the possibility of inconsistent determinations in this action and the arbitration. The OpenDeal Defendants also advance arguments for dismissal unique to them, most notably the absence of any employment relationship with the Plaintiff. The Court could at least resolve that issue without there being any risk of inconsistent determinations. But, even if the OpenDeal Defendants' motion were granted on that basis, it is conceivable that leave to amend could be granted, which, if sufficient to cure, would lead back to having to determine the EFAA issue.

Accordingly, in light of Plaintiff's consent to arbitration with the Everyrealm Defendants, the Court stays the entirety of this proceeding pending arbitration. Within 10 days of completion of the arbitration or other resolution of the case, the parties shall file a joint status report and proposed schedule for any future proceedings should it be appropriate to lift the stay. In the event the stay is lifted and the case continues against

the OpenDeal Defendants, the Court will determine at that time whether Plaintiff should be precluded from filing opposition to the OpenDeal Defendants' motion to dismiss.

The Clerk of Court is respectfully requested to terminate the letter motion at Dkt. 43 and to note on ECF that the case has been stayed.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 21, 2023
   New York, New York

Copies transmitted this date to all counsel of record.